[Civil No. 757.   Filed March 22, 1901.]

[64 Pac. 492.]

In the Matter of the Guardianship of the Persons and Estate of AARON HUGO ZECKENDORF and HELENITA ZECKENDORF.

1. COURTS—JUDGMENTS—VACATION—POWER — NONE AFTER EXPIRATION OF TERM.—A court has no power to set aside or vacate its own judgment after the expiration of the term at which the judgment was rendered.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

Francis J. Heney, and Rochester Ford, for Wards and Appellants.

S. M. Franklin, for Guardian and Appellee.

STREET, C. J.—On July 2, 1892, the probate court of Pima County rendered its decree settling the final account of Louis Zeckendorf, guardian of the persons and estate of Aaron Hugo Zeckendorf and Helenita Zeckendorf. From that decree the wards took an appeal to the district court of Pima County. On February 19, 1894, the district court rendered a decree in said matter, from which decree Louis Zeckendorf appealed to the supreme court of Arizona. On July 10, 1895, the supreme court of Arizona rendered its judgment in the cause, wherein it was ordered and adjudged as follows, to wit: "It is ordered, adjudged, and decreed that the judgment and decree of the lower court in this cause be, and the

same is hereby, reversed, and this cause is remanded, and the court below is hereby directed to enter judgment in this cause in accordance with the judgment of the probate court of Pima County made and entered in this cause, and being that certain judgment and order made by said court on July 2, 1892, in this cause, allowing and settling the final account of said Louis Zeckendorf, guardian of the persons and estate of Aaron Hugo Zeckendorf and Helenita Zeckendorf (formerly minors), from which said judgment and order appeal was taken from said probate court to the district court of the first judicial district of the territory of Arizona, in and for Pima County, and from the judgment and decree from said cause in said district court this appeal was taken, except as to the item of five hundred and four ($504) dollars for board of Aaron Hugo Zeckendorf, evidenced by voucher 69½, of date December 21, 1883, allowed by said probate court, is hereby disallowed, and such disallowance shall be entered in the judgment and decree of said lower court.'' An appeal was taken by the wards to the supreme court of the United States from the decree entered by the supreme court of Arizona. No *supersedeas* bond was filed. A *remittitur* was issued out of the supreme court of Arizona to the district court of Pima County in accordance with the judgment rendered by said court; and on the eleventh day of December, 1895, the district court did enter and render its judgment and decree in accordance with the judgment of the territorial supreme court. The judgment of the supreme court of Arizona was affirmed by the supreme court of the United States on the twenty-fourth day of October, 1898 (43 L. Ed. 1179, 19 Sup. Ct. 882), and a mandate in accordance therewith was filed with the supreme court of Arizona on March 16, 1899. A further *remittitur* issued out of the supreme court of Arizona on the sixth day of February, 1900, directed to the district court of Pima County. On March 10, 1900, the said wards filed in the district court their motion to vacate and set aside the judgment rendered by the district court on December 11, 1895, which motion came on for hearing on November 28, 1900; and upon the objection of Louis Zeckendorf, guardian, such motion was denied. From this order denying said motion the wards have appealed to this court.

The only error assigned is that the court erred in denying the motion to set aside the judgment of December 11, 1895.

It is the universal rule that a court has no power, on motion, to set aside or vacate its own judgment after the expiration of the term at which the judgment was rendered. If the judgment has been rendered by mistake or through fraud, or if for any reason it is voidable, it can be set aside by a bill filed for that purpose. The power of courts to deal with their judgments after the expiration of the term is clearly set out in *Bronson* v. *Schulten,* 104 U. S. 410, 26 L. Ed. 797: "In this country all courts have terms and vacations. The time of the commencement of every term, if there be half a dozen a year, is fixed by statute, and the end of it by the final adjournment of the court for that term. This is the case with regard to all the courts of the United States, and, if there be exceptions in the state courts, they are unimportant. It is a general rule of the law that all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered or entered of record; and they may be then set aside, vacated, modified, or annulled by that court. But it is a rule equally well established that after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them; and, if errors exist, they can only be corrected by such proceeding, by a writ of error or appeal, as may be allowed in a court which by law can review the decision. So strongly has this principle been upheld by this court that, while realizing that there is no court which can review its decisions, it has invariably refused all applications for rehearing made after the adjournment of the court for the term at which the judgment was rendered. And this is placed upon the ground that the case has passed beyond the control of the court." Also in *Phillips* v. *Negley,* 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013; Freeman on Judgments, sec. 70. The district court committed no error in refusing to vacate and set aside, on a motion made in March, 1900, a judgment rendered in December, 1895, after the expiration of the term at which the judgment was rendered, and after the lapse of many succeeding terms. The order of the district court is affirmed.

Doan, J., concurs.