[Civil No. 853.   Filed March 30, 1905.]

[80 Pac. 397.]

## NATIONAL METAL COMPANY, a Corporation, Defendant and Plaintiff in Error, v. GREENE CONSOLIDATED COPPER COMPANY, a Corporation, et. al., Plaintiffs and Defendants in Error.

1. JUDGMENT—MOTION TO SET ASIDE—REV. STATS. ARIZ. 1901, PAR. 1478, MANDATORY.—Paragraph 1478, *supra,* providing that "all motions for new trials, in arrest of judgment or to set aside a judgment shall be made within five days after rendition of verdict or judgment, if the term of court shall continue so long; if not, then before the end of the term," is mandatory, and the court has no power to vacate, set aside, or modify its judgment at a term subsequent to the one at which the judgment was rendered.

2. SAME—SAME—PROPERLY REFUSED—REV. STATS. ARIZ. 1901, PARS. 1088, 1323, 1478, CITED AND CONSTRUED.—Under paragraph 1478, *supra,* providing that all motions to set aside a judgment shall be made during the term, paragraph 1088, *supra,* making the return of the sheriff *prima facie* evidence of the facts stated in the return, and paragraph 1323, *supra,* providing that, in suits against any incorporated company, the summons may be served on a local agent representing such company in the county in which suit is brought, the trial court had no jurisdiction to set aside the judgment after the term, in an action against a corporation, where the sheriff's return showed service on the local agent of the corporation and there was evidence corroborating the return.

3. APPEAL AND ERROR—REVIEW—SCOPE.—Where a writ of error to review a judgment is taken within the statutory time, the attack on the judgment being that the judgment is void for want of jurisdiction over the person of defendant, the supreme court may determine the validity of the judgment by the entire record, although, because of the judgment being valid on its face, the trial court had had no jurisdiction to set it aside after the term.

4. JUDGMENT—MOTION TO SET ASIDE—REV. STATS. ARIZ. 1901, PARS. 1088, 1323, CITED.—Under paragraph 1088, *supra,* making the return of the sheriff on a process *prima facie* evidence of the fact stated therein, and paragraph 1323, *supra,* providing that in a suit against a corporation the summons may be served on a local agent of the corporation in the county in which the suit is brought, allegations of the want of service in a motion to set aside the judgment are of no effect to overcome the return of the sheriff and corroborative evidence where, in an action against a corporation, the sheriff's return showed service on the local agent, and there was evidence corroborating the return.

ERROR to the District Court of the First Judicial District in and for the County of Santa Cruz. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

Hawkins, Ross & Anderson, for Plaintiff in Error.

Barnes & Martin, and Eugene S. Ives, for Defendants in Error.

DOAN, J.—On January 21, 1901, the National Metal Company, a corporation, referred to hereinafter as the "metal company," entered into a written agreement at Naco, Arizona, with the Greene Consolidated Copper Company, a corporation, and the Cananea Consolidated Copper Company, Sociedad Anonima, referred to hereafter herein as the "copper companies," relative to the sale and delivery of copper matte, which agreement subsequently became the basis of the suit at bar, which was brought by the copper companies against the metal company in the district court at Nogales, Arizona. The merits of the action were not involved in this proceeding, and have never been inquired into, and the contract need only be considered as to the provisions material to the determination of the questions raised by this writ of error. In the contract the metal company agreed to purchase, and the copper companies agreed to sell, certain copper matte, to be produced by mines owned by the copper companies, and situated in the state of Sonora, republic of Mexico. This matte was to be delivered on board cars at Naco, in the republic of Mexico, and any part that was not thus delivered was to be delivered at Aguas Calientes, Mexico; the matte to be weighed at the point of delivery, and payment to be made therefor by sight draft upon the metal company's New York office. The contract was executed on behalf of the different corporations by their respective presidents. The parties to the contract were all foreign corporations. The subject-matter of the contract was the product of mines located in Sonora, Mexico, and the delivery of the product was to be made in Mexico. The contract was entered into at Naco, Arizona. The payment for the product sold was to be made by sight draft on the buyer's

IX Ariz.—13

New York office, delivered to the seller at Naco. Upon the filing of the suit at bar, summons was issued in the usual form, and served by the sheriff of Santa Cruz County upon A. L. Pelegrin at Nogales, Arizona, as the local agent of the metal company. Thereafter, on June 23, 1903, the metal company having failed to appear or answer in the action, the trial court caused judgment by default to be entered, and upon a hearing, and the presentation of evidence relative to the service of the summons and the alleged agency of A. L. Pelegrin, and the merits of the matter in controversy, judgment was rendered by the court against the metal company defendant in said cause. After the rendition of the judgment the court on that day adjourned for the term. Thereafter, at the succeeding term of court, the metal company filed its motion to quash the service of summons theretofore purported to have been made upon the defendant, and to vacate, annul, and set aside the judgment theretofore rendered on the twenty-third day of June, 1903, in the said action, upon the ground that the metal company was a non-resident of the territory, and had no agent or office within the territory, and that the summons in said action had never been served upon any officer or director of the company, or on any one authorized to represent it, and that, the defendant never having appeared in the action, judgment was rendered without jurisdiction of the person. This motion was supported by affidavits of three officers of the company, and was resisted by the copper companies in an answer alleging that the metal company had been for two years last past engaged in business in the territory of Arizona, had submitted itself to the jurisdiction of the court, and at the time of the institution of the suit had an office and resident agent at the town of Nogales, in the county of Santa Cruz, this territory, and that A. L. Pelegrin, the party on whom service was alleged in the return to have been had, was the agent of the metal company, duly recognized and accredited as such, and represented at that time said company in the county of Santa Cruz, Arizona. The answer further alleged that the court was without power to vacate or set aside the judgment, for the reason that the term at which the same had been rendered had theretofore expired. This answer was supported by the affidavit of an officer of the company. On the presentation of the motion on December

21st, after the argument of counsel, the court took the motion under advisement, and on January 6, 1904, overruled and denied said motion upon the ground that the court had no power, on motion, to set aside, vacate, or annul the judgment after the expiration of the term at which said judgment was rendered, and that the relief could only be sought and obtained in an independent proceeding for that purpose. The metal company thereafter, by writ of error, removed the finding, judgment, and order and the record of the said action to this court for revision and correction.

It is urged by the plaintiff in error that the default judgment sought to be reviewed was rendered without jurisdiction of the person of the plaintiff in error, or of the subject-matter of the suit, and that the trial court had power, after the lapse of the term at which said judgment was rendered, to vacate and set aside the same upon motion. Our Revised Statutes provide (Rev. Stats. 1901, par. 1478) that "all motions for new trials in arrest of judgment or to set aside a judgment shall be made within five days after rendition of verdict or judgment, if the term of court shall continue so long; if not, then before the end of the term." This court has heretofore held that this provision of the statute is mandatory, and that the court has no power to vacate, set aside, or modify its judgment at a term subsequent to the one at which the judgment was rendered. *Woffenden* v. *Woffenden,* 1 Ariz. 328, 25 Pac. 666; *Hand* v. *Ruff,* 3 Ariz. 175, 24 Pac. 257; *In re Zeckendorf's Estate,* 7 Ariz. 328, 64 Pac. 493. The same rule has been adopted in other states under similar statutes. *Johnson* v. *Glasscock,* 2 Ala. 522; *Baker* v. *Barclift,* 76 Ala. 414. In the case of *Bank of the United States* v. *Moss,* 6 How. 31, 12 L. Ed. 331, taken by writ of error from the United States circuit court, southern district of Mississippi, the judgment was set aside by the circuit court at a term subsequent to that at which it was rendered; and this was done for alleged want of jurisdiction in the court below over the cause of action. The United States supreme court treated this subject at considerable length, and summarized it in the statement, "But it was then too late, after final judgment, and at the next term, and by motion only, to set aside the judgment and verdict on account of a supposed want of jurisdiction." The plaintiff in error recognizes the force of the statute and the

general application of the above rule as applied to erroneous judgments, but urges that, as this was a judgment rendered without jurisdiction, it should prove an exception to the rule. The weight of authority on this subject is to the effect that statutory limitations as to the time for motions to vacate or set aside a judgment are mandatory, but that under the common law the inherent power of the court over its own judgments during the term when rendered authorizes it at any time during the term, independent of motion, or of its own motion, to vacate or set aside its own judgment, but such jurisdiction or power ceases with the close of the term. But a judgment void upon its face, or that by an inspection of the judgment-roll is found to have been given without jurisdiction, or for other reasons thus appears to be void, will be set aside at any time upon motion, even after the expiration of the time limited by statute, or of the term at which it was rendered. This exception to the general rule is based upon the ground that "a judgment void upon its face, and which requires only an inspection of the judgment-roll to demonstrate its want of vitality, is a dead limb upon the judicial tree, which should be lopped off if the power so to do exists." *People* v. *Greene,* 74 Cal. 400, 16 Pac. 197, 5 Am. St. Rep. 448. But it is held that this cannot be done upon motion, where the judgment is valid upon its face, or its infirmity cannot be ascertained by an inspection of the judgment-roll. *Tuffree* v. *Stearns Co.,* (Cal.) 54 Pac. 826. When a party is driven to evidence *dehors* the record to show that a judgment is void, he should be permitted to do so only where the facts upon which he relies may be examined into under the forms and sanction of a regular trial.

The plaintiff in error has cited many cases wherein void judgments have been set aside on motion after the expiration of the statutory limit or of the term. These, however, will all be found to have occurred either—1. Where the judgment sought to be set aside was void upon its face; or 2. Where, in the jurisdiction from which the case came, there was no statute limiting the time for filing a motion to set aside a judgment. In the case of *Harris* v. *Hardeman,* 14 How. 334, 14 L. Ed. 444, Mr. Justice Daniel, of the United States supreme court, says: "The court set aside the judgment purporting to be a judgment by default against the defendant as being un-

warranted upon the face of the proceedings, and therefore void.'' In *Norton* v. *Atchison etc. R. R. Co.,* 97 Cal. 388, 32 Pac. 452, 33 Am. St. Rep. 198, in which the plaintiff in error states the facts are on all-fours with those shown in the case here, we find that the defendant, within ten days after the judgment was entered, served and filed a notice of the motion to set aside; and in that case, Justice McFarland, speaking for the supreme court of California, said: ''The general common-law rule is that courts have power over their judgments during the entire term at which they are rendered, and may vacate them on motion. . . . Under our present system, terms of court are abolished, and a motion to set aside a judgment would have to be made within a reasonable time. . . . We hold, therefore, that, when a non-resident has been personally served within the state, the court has power, within a reasonable time, when it finds that it has been deceived by a false return of such service within the state, to quash the service of summons and to vacate the judgment. This is as broad a statement of the rule as the facts of this case require, and, so holding, we think that the order of the court below should be affirmed.'' Chief Justice Beatty, in a concurring opinion, says: ''Before terms of court were abolished, it is clear that a default judgment entered upon a formal return of personal service of summons could have been set aside upon motion made within the term. The abolition of terms cannot be held to have abolished the remedy by motion, but only the limitation of the time within which the motion must be made. . . . None of the decisions cited are in conflict with this view. They merely hold that a judgment will not be vacated upon motion made after the lapse of the prescribed period unless it is void upon its face, which is quite consistent with the proposition that a motion made within the statutory time may be granted.'' In this instance the judgment tried, by its own face, is valid. The record, upon examination, sustains it. The return of the sheriff was *prima facie* evidence of service of process upon the local agent of the defendant. Rev. Stats. 1901, par. 1088. Service upon the local agent was service upon the corporation. Rev. Stats. 1901, par. 1323. The testimony of the witness A. T. Bird, presented in the record, tends to corroborate and support the return of the sheriff. The refusal of the trial court,

under these circumstances, to vacate and set aside the judgment on motion after the expiration of the term, was fully in accordance with our practice in this jurisdiction, and the weight of authority on this subject.

It is next urged that, even if the trial court had no power to vacate the judgment therein on a motion made after the lapse of the term, the judgment should be vacated by this court, for the reason that it is void for want of jurisdiction over the person of defendant, and should be reversed on that ground; and the entire record is brought here for our review by writ of error taken within the statutory time. The plaintiff in error is correct as to our power to review the judgment upon the record brought here, but, upon the record as presented, we see no ground on which the judgment can be declared void. Neither do we find any reversible error in the record. The record shows that a hearing was had and evidence was presented relative to the merits of the matter in controversy. It does not, however, present that evidence for our inspection or review. It contains the return of service by the sheriff, and the testimony of the witness Bird in corroboration and support of such return. It shows no presentation in evidence before the court of any facts attacking or tending to destroy the jurisdiction of the court, or to affect the validity of the judgment. The allegations of fact that were afterwards set up in the motion to vacate the judgment were not then before the court. But even if we should consider them as now in the record, we should attach no weight to them until they are supported by evidence presented to the court, subject to the scrutiny and examination of the court and the opposite party, under the laws of evidence observed in a trial of issues of fact.

There were some *ex parte* affidavits filed in support of the motion that might have been sufficient · to authorize a trial court to vacate and set aside, on motion, a judgment void on its face, where the defect of service and the consequent want of jurisdiction were disclosed either by the face of the judgment or the record on which it was based, or to enable this court to do so on review. But that is not the condition of the case at bar. The return of the sheriff presented in the record shows personal service upon the local agent of the defendants. This return, by paragraph 1088 of the Revised Stat-

utes of 1901, is made "*prima facie* evidence of the facts in such return stated." Paragraph 1323 of the Revised Statutes of 1901 provides: "In suits against any incorporated company . . . the summons may be served upon the local agent representing such company or association in the county in which suit is brought." The testimony of the witness A. T. Bird that is presented in the record corroborates the return of the sheriff that A. L. Pelegrin was the local agent of the metal company, and that that company had been doing business in Santa Cruz County, buying metals or offering to buy metals at that time. The allegations of the want of service in the motion were of no effect to overcome the return of the sheriff, or the testimony of the witness Bird, until supported by evidence. There is no evidence tending to overcome these presented in the record.

The judgment, therefore, was not only valid upon its face, but was supported by the record; and the verity of that record not having been overcome or even attacked by extrinsic evidence, the judgment of the lower court is affirmed.

KENT, C. J., and SLOAN, J., concur.