284 P.2d 645

PHOENIX METALS CORPORATION, a
corporation, Appellant,

v.

William ROTH and Ellen E. Roth, husband
and wife, Appellees.

No. 5951.

Supreme Court of Arizona.

May 31, 1955.

Shimmel, Hill & Hill, Phoenix, for appellant.

Clarence O. Fehling, Phoenix, for appellees

UDALL, Justice.

This is an appeal from an order denying defendant's motion to vacate and set aside a clerk's default and a later default judgment entered in said action.

The action was commenced on December 4, 1952, by William Roth et ux. (plaintiffs-appellees) to recover $2,711.12 on a contract of employment with defendant-appellant, Phoenix Metals Corporation, a corporation. (The parties will hereafter be referred to as plaintiff and defendant.) The defendant was served with process on December 5, 1952 and it timely filed an answer and paid the filing fee to the clerk of court on December 24, 1952. However, the clerk, purporting to act under Rule 55(a), Rules Civ.Proc., Section 21–1205, A.C.A.1939, upon application of counsel for plaintiff, improperly entered defendant's default on December 27, 1952. Thereafter, on January 5, 1953, the court entered judgment against the defendant for the full amount claimed and therein foreclosed a writ of garnishment against the Garrett Corporation in the sum of $1,656.12. Defendant was aware this writ had issued but upon advice of counsel no bond was posted, defendant deciding to leave the sequestered funds to abide the outcome of the action. Neither the defendant corporation nor its counsel was informed the writ had been foreclosed and the moneys paid to plaintiff. Nor did the defendant or its counsel have notice of the entry of said default, or the rendition of said judgment, until thirteen months later when on February 4, 1954, counsel learned of it after giving notice of intention to take the plaintiff's deposition. Upon being advised that a judgment had been entered defendant immediately moved to vacate and set aside clerk's default and the default judgment as being void. This was supported by an affidavit and memorandum of authorities. After this motion was denied, a motion for rehearing and reconsideration was filed—briefed and orally argued—and it was denied on March 24, 1954. This appeal followed.

In support of defendant's contention that the trial court erred in denying its motion to vacate and set aside, it is urged that the clerk's default and the court's judgment based thereon—which recites that "the defendant having failed to appear or answer plaintiffs' complaint within the time allowed by law * * *"—are both absolutely void and therefore subject to attack at any time as they are founded upon extrinsic-constructive fraud. Defendant further maintains that the court was without legal authority or power to render a default judgment against it without notice and an opportunity to be heard, where defendant had in fact answered within the time prescribed by law. This, it asserts, is a deprivation of due process of law, guaranteed both by the 14th Amendment to the Constitution of the United States and its counterpart, Article 2, Section 4, Constitution of Arizona.

Plaintiff on the other hand contends the judgment entered is only voidable and irregular and hence can only be assailed within the six-month period provided by Rule 60(b), Rules Civ.Proc., Section 21–1502, A.C.A.1939—(this being the time in

which a judgment may be vacated on account of defendant's surprise, mistake, excusable neglect, etc.) It is his position that defendant's attack not having been made within this period the judgment had become res judicata, and the court was without jurisdiction to vacate it. It is apparent that it was upon this latter theory that the trial court refused to vacate the judgment. Plaintiff further maintains that the existence of an answer on file did not render the judgment void but only voidable, and that entering said judgment was a mere "serious procedural irregularity" curable only on direct attack within the six-month period. In support of this theory counsel cite and strongly rely upon the following respectable authorities, viz.: Gray v. Hall, 203 Cal. 306, 265 P. 246; United States Bldg. & Loan Ass'n v. Soule, 57 Idaho 691, 68 P.2d 40.

It now appears the genesis of this "comedy of errors" was a mistake in the clerk's office in inadvertently attaching the answer to another court file, which error was not discovered until February, 1954. Counsel for plaintiff in his brief justifies his action in asking for default in that an examination of the court file did not disclose an answer and that he was never served with a copy of defendant's answer as is required by Rule 5(b), Rules Civ.Proc., Section 21–322, A.C.A.1939. His affidavit for default states, inter alia:

"* * * That the defendant has made no answer, or appearance by person, by attorney or otherwise, but has wholly defaulted therein."

The answer filed does not have upon its face—or on a sheet attached thereto—the customary statement that copy had been mailed to opposing counsel. However, the motion to vacate recites that a copy of the answer was mailed to plaintiff's counsel which is supported by an affidavit of Connie D. Vernon, secretary to defendant's attorney, that on the same day the answer was filed

"* * * she placed a copy of said answer in an envelope, addressed to plaintiff's counsel, 411 Arizona Title Building, Phoenix, Arizona, which envelope was sealed and on which the postage was prepaid, and mailed the same in the United States mails in the city of Phoenix, Maricopa County, Arizona."

Also attached to the motion for rehearing is an affidavit by defense attorney that he "* * * caused a copy of such answer to be served upon plaintiffs' counsel" in the manner set forth in his secretary's affidavit.

Apparently the trial court did not consider—nor do we—that the written record raised a conflict on the issue of service of the answer, at least there is no express finding thereon. Rule 5(b) states "* * *  *Service by mail is complete upon mailing*", hence it is not dependent upon the receipt of same by opposing counsel. See

2 Moore's Federal Practice, second edition, Sec. 5.07 and 1954 Cum.Supp.

As to the clerk's improper entry of default we stated in the case of Turbeville v. McCarrell, 43 Ariz. 236, 30 P.2d 496, 497:

> "* * * If the answer is filed within the time specified in the summons, there is no default, and none of course could be entered. The clerk's power to enter defaults is purely statutory and can be exercised only as and when the statute provides. * * *"

While the circumstances under which default was there entered are dissimilar to those of the instant case, we stated that the unauthorized act of the clerk "* * * was void and of no effect whatever". The same characterization is applicable to the situation here. We hold the entry of default—with a timely answer of record—was a nullity. See, Bancroft's Code Practice and Remedies, Vol. 3, section 1810.

We are of the opinion that the judgment entered in the instant case is likewise void, and being void may be attacked at any time, subject to any applicable rules of estoppel or laches. In the case of Pemberton v. Duryea, 5 Ariz. 8, 43 P. 220, a default judgment was prematurely entered against defendant. We there said:

> "* * * His right to have the default set aside, and be heard to defend, was absolute."

Rule 55(b), Rules Civ.Proc., Section 21-1206, A.C.A.1939, provides:

> "Judgment by default may be entered as follows: In all cases the party entitled to a judgment by default shall apply to the court therefor; * * *. *If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least three (3) days prior to the* hearing on such application. * * *"

Under the provisions of this rule, no judgment by default may be entered against a defendant who has appeared—as by timely filing an answer—unless he is given notice of the application for judgment. It seems obvious that failure to give this notice is a deprivation of the "due process of law" guaranteed citizens by the Arizona and United States Constitutions.

The essential requisites and sufficiency of due process in its procedural aspect is well stated in 12 Am.Jur., Constitutional Law, section 573:

> "The essential elements of due process of law are notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a tribunal having jurisdiction of the cause. * * * it is a rule as old as the law that no one shall be personally bound until he has had his day in court, by which is meant until he has

been duly cited to appear and has been afforded an opportunity to be heard. Judgment without such citation and opportunity lacks all the attributes of a judicial determination; it is judicial usurpation and oppression and can never be upheld where justice is fairly administered. * * *"

See, also, 16 C.J.S., Constitutional Law, § 569 c. (1) and (2).

The Supreme Court of the United States has stated the applicable rule, and we quote:

"The law is, and always has been, that whenever notice or citation is required, the party cited has the right to appear and be heard; and when the latter is denied, the former is ineffectual for any purpose. The denial to a party in such a case, of the right to appear, is in legal effect the recall of the citation to him. * * *" Windsor v. McVeigh, 93 U.S. 274, 23 L.Ed. 914.

and further:

"* * * The fundamental conception of a court of justice is condemnation only after hearing. To say that courts have inherent power to deny all right to defend an action, and to render decrees without any hearing whatever, is, in the very nature of things, to convert the court exercising such an authority into an instrument of wrong and oppression, and hence

to strip it of that attribute of justice upon which the exercise of judicial power necessarily depends." Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 843, 42 L.Ed. 215.

In the case of Bass v. Hoagland, 5 Cir., 172 F.2d 205, 210, Bass was sued in federal court and timely filed his answer. Thereafter his counsel withdrew, but did not withdraw the appearance and answer. When the case came on for trial only plaintiff's counsel was present, but the court heard testimony, and considering Bass in default entered judgment against him. The judgment was collaterally attacked in another federal court. In this situation the Circuit Court of Appeals for the Fifth Circuit stated:

"When neither Bass nor his attorney appeared at the trial, no default was generated; the case was not confessed. The plaintiff might proceed, but he would have to prove his case. If there was an erroneous idea that the absence of counsel caused a default, still Rule 55(b)(2) required three days notice to Bass or his counsel before a judgment by default could be considered. Bass under the admitted facts knew he was not in default, did not know his counsel had withdrawn, and had no notice that a judgment by default was to be asked. *To get such a judgment without evidence and without notice is not in our opinion due process of law.*"

See, also, Ken-Mar Airpark, Inc., v. Toth Aircraft & Accessories Co., D.C.Mo., 12 F.R.D. 399; Adams & McGahey v. Neill, 58 N.M. 782, 276 P.2d 913, 915; Loranger v. Alban, 22 N.J.Super. 336, 92 A.2d 77; Commercial Casualty Ins. Co. v. White Line Transfer & Storage Co., 8 Cir., 114 F.2d 946. We recognize, however, that there is authority to the contrary. Some of the text writers state and reported cases hold, in effect, that the notice essential to due process is original notice giving jurisdiction and not notice of the time for exercise of jurisdiction already vested, and that after jurisdiction has duly attached it has been said that a party has no constitutional right to demand notice of further proceedings. See 16 C.J.S., Constitutional Law, § 619 c; 12 Am.Jur., Constitutional Law, Sec. 594; Gray v. Hall, supra, 203 Cal. 306, 265 P. 246; Collins v. North Carolina State Highway, etc., 237 N.C. 277, 74 S.E.2d 709; United States ex rel. Knupfer v. Watkins, 2 Cir., 159 F.2d 675; United States v. Borchers, 2 Cir., 163 F.2d 347.

We hold the judgment in the instant case on the face of the record is void as having been entered in violation of due process of law.

This being true, Rule 60(b), supra, Section 21–1502, A.C.A.1939, requiring a motion to set aside to be filed within six months, has no application. In the case of National Metal Co. v. Greene, etc., Co., 9 Ariz. 192, 196, 80 P. 397, 398, this court stated:

"* * * But a judgment void upon its face, or that by an inspection of the judgment roll is found to have been given without jurisdiction, or for other reasons thus appears to be void, will be set aside at any time upon motion, even after the expiration of the time limited by statute, or of the term at which it was rendered. This exception to the general rule is based upon the ground that 'a judgment void upon its face, and which requires only an inspection of the judgment roll to demonstrate its want of vitality, is a dead limb upon the judicial tree, which should be lopped off if the power so to do exists.' * * * *"

See, also, Schuster v. Schuster, 75 Ariz. 20, 30, 251 P.2d 631; Bancroft's Code Practice and Remedies, Vol. 2, sec. 1850; 31 Am.Jur., Judgments, sec. 430.

It will be remembered that a writ of garnishment was foreclosed when the judgment was entered and the garnishee Garrett Corporation then paid the sum so sequestered to plaintiff. Sensing there was a potential danger if the judgment was vacated and that it might be "seriously damaged" thereby, garnishee by its counsel has aided the plaintiff in every way possible both in this court and in the court below. While garnishee is neither an appellant nor appellee in this court it has seen fit to file what is termed "Brief of

Garnishee". Therein it supports plaintiff's position that the motion to vacate was properly denied, and further asks that if the order be reversed we determine the effect of its payment under the writ of garnishment.

 We do not believe that question is properly before us and hold that garnishee's intrusion into this appeal gives it no more standing than that of an amicus curiæ. It is elementary that this court will not render advisory opinions, nor settle questions not necessary to the determination of the issues as framed by the assignments of error. The only issue here presented is whether the court properly denied defendant's motion to vacate the judgment and this has been determined. The issue raised by the garnishee as to whether payment to the plaintiff has extinguished its obligation to defendant can only be determined by this court when, and if, this issue has arisen in the trial court and then been brought before us for review.

The order denying defendant's motion to vacate default and default judgment is set aside; the trial court is directed to vacate the default judgment heretofore entered by it, and the cause is remanded for further proceedings consistent with the views herein expressed.

Order set aside with directions.

LA PRADE, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concurring.