432 P.2d 157

**Roger LINDUS, a minor child, by and through his Guardian ad Litem, Robert S. Tullar, Appellant,**

v.

**NORTHERN INSURANCE COMPANY OF NEW YORK, a corporation, and the Travelers Insurance Company, a corporation, also known as the Travelers Indemnity Company, Appellees.**

**No. 2 CA–CIV 261.**

Court of Appeals of Arizona.

Oct. 2, 1967.

Review Granted Dec. 7, 1967.

---

Fennemore, Craig, Allen & McClennen, by Calvin H. Udall, Phoenix, for appellant.

Spaid, Fish, Briney & Duffield, by William Spaid, Tucson, for appellee Northern Ins. Co. of New York.

Kramer, Roche, Burch, Streich & Cracchiolo, by William P. French, Phoenix, for appellee Travelers Ins. Co.

HATHAWAY, Chief Judge.

We have thoroughly considered appellant's motion for rehearing who strenuously urges therein that " * * * delay in giving notice of the accident is not a defense" in view of Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98 (1967), decided by our Supreme Court subsequent to oral arguments in the instant cause. We believe that our opinion is consistent with *Sandoval* where the insurer, unlike the two insurers before us, had actual notice of the collision and full opportunity to investigate and negotiate the claim.

In *Sandoval* the Supreme Court found that the insurer "was notified of the claim against them" and the elements of due process were thereby proven against the touchstone of Phoenix Metals Corporation v. Roth, 79 Ariz. 106, 284 P.2d 645 (1955). Though the insurer was not notified that suit had been filed until after default judgment was entered, motion was not made to set aside the default for more than nine weeks thereafter. It was determined that the denial of the motion to set aside the default was sustainable on the basis that it was not made within a reasonable time.

Fully mindful of the strong public policy favoring the protection of the public from injuries inflicted by the financially irresponsible, we are persuaded that the Supreme Court recognized in *Sandoval* that due process of law required by Art. 2, § 4, of the Arizona Constitution, A.R.S. and the Fourteenth Amendment of the Constitution of the United States, necessarily overrides such public policy.

Nothing further is raised in appellant's motion for rehearing which has not already been thoroughly considered. We abide by our opinion previously given as supplemented herein.

KRUCKER, J., and LEE GARRETT, Superior Court Judge, concur.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consid-

eration of this matter, Judge LEE GAR-
RETT was called to sit in his stead and
participate in the determination of this de-
cision.