604 P.2d 269

**Robert F. HERTEL and Wilma Hertel, husband and wife, Plaintiffs/Appellants,**

**v.**

**The HOME INSURANCE COMPANY, a foreign corporation, and/or dba Home Indemnity Company, a foreign corporation; Aetna Life & Casualty, a Foreign Corporation, Defendants/Appellees.**

**No. 2 CA–CIV 3338.**

Court of Appeals of Arizona, Division 2.

Dec. 19, 1979.

Haralson, Kinerk & Morey, P.C. by Burton J. Kinerk, Tucson, for plaintiffs/appellants.

Burch, Cracchiolo, Levie, Guyer & Weyl, P.C. by Thomas G. Bakker, Phoenix, for defendant/appellee The Home Ins. Co.

Everett, Bury & Moeller, P.C. by J. Michael Moeller, Tucson, for defendant/appellee Aetna Life & Cas.

## OPINION

HOWARD, Judge.

After the claim of an injured workman against a third-party tortfeasor has been assigned to the insurance carrier by operation of law, A.R.S. Sec. 23–1023(B), can the insurance carrier be held liable to the workman in tort or in contract if it refuses to reassign the claim to the workman? That is the issue here. The trial court entered summary judgment in favor of the insurance carrier. We affirm.[1]

Appellant Robert F. Hertel was injured in an automobile accident on October 8, 1974, while in the course of employment with Tucson Public Schools. His injuries were allegedly the result of the negligence of a third party, McCann, who, at the time of the accident, was insured by appellee Aetna Life & Casualty Company (Aetna). Since the accident and resulting damage to Mr. Hertel fell within the terms of his employer's workman compensation coverage furnished by appellee The Home Insurance Company (Home), he received industrial benefits in the sum of $445.49.

Mr. Hertel failed to file a common law tort action against the third-party tortfeasor within one year after his claim accrued. Consequently, on October 8, 1975, the claim held by him passed by virtue of A.R.S. Sec. 23–1023(B) to his insurance carrier, Home.

On or about October 14, 1975, Home received notice from Mr. Hertel that he intended to institute an action against the third party responsible for his injuries. In February 1976, Home commenced negotiations with Aetna. On the basis of these negotiations, the outstanding $445.49 industrial claim which Home held by virtue of the statutory assignment was paid in full by Aetna. Following payment of the claim by Aetna, Mr. Hertel's attorney contacted Home seeking a reassignment of any outstanding claims remaining against the third-party tortfeasor and his subrogee, Aetna. Home refused to comply with this request contending that it had already settled the claim leaving no interest which could be assigned to Mr. Hertel.

A.R.S. Sec. 23–1023(B) states:

"If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such

1. Appellants having abandoned their appeal against Aetna in the opening brief, the appeal as to Aetna is dismissed.

other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof."

Mr. Hertel claims that in spite of the statute there still remains in him some interest in the claim which the insurance carrier was bound to reassign to him. We disagree. In *K. W. Dart Truck Company v. Noble,* 116 Ariz. 9, 567 P.2d 325 (1977) the court held that the whole claim is assigned to the carrier and there is no equitable or beneficial interest which remains in the employee. This being so, Home owed no duty, contractual or otherwise, to Mr. Hertel.

Affirmed.

RICHMOND, C. J., and LLOYD FERNANDEZ, Superior Court Judge, concurring.

NOTE: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge LLOYD FERNANDEZ was called to sit in his stead and participate in the determination of this decision.