737 P.2d 1373

**CRAVENS, DARGAN AND COMPANY, Pacific Coast, a Delaware corporation, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, Hon. Lawrence H. Fleischman, a judge thereof; Leslie B. Miller, a judge thereof; and Sharon WILLIAMS, a single woman, Real Party in Interest, Respondents.**

No. CV–87–0149–PR.

Supreme Court of Arizona,
En Banc.

June 2, 1987.

Jennings, Kepner & Haug, by Craig R. Kepner, Steven S. Guy, Phoenix, for petitioner.

Law Offices of Ronald D. Mercaldo, Ltd. by Anthony J. Wiggins, Tucson, for respondent Williams.

MOELLER, Justice.

### I. Jurisdiction

Cravens, Dargan and Company (Cravens) petitioned this court to review a decision of the court of appeals which dismissed Cravens' petition for special action. We have jurisdiction pursuant to Ariz. Const. Art. 6, § 5(3) and Rule 8, Ariz.R.Sp.Act., 17A A.R.S.

### II. Procedural Background

In October 1986, Sharon Williams brought suit in Pima County Superior Court against Cravens and the City of Tucson (City). The complaint alleged that Cravens and the City had breached a settlement agreement that had been entered into in an earlier negligence action that Williams had brought against the City. Specifically, the complaint alleged that the City was self-insured for the first $100,000 of liability, and that Cravens was the City's excess carrier. The earlier settlement was a structured one in which Williams was to receive $400,000 cash plus substantial monthly payments for life. The complaint alleged that Cravens had paid its $300,000 and had made arrangements for the monthly payments, but that the City had not paid its $100,000. The suit sought recovery of the unpaid $100,000 from the City or Cravens or from both of them. Cravens answered Williams' complaint, denying liability for the $100,000.

The City filed a Rule 12(b)(6) motion to dismiss the complaint against it for failure to state a claim. In it, the City denied that it had agreed to pay $100,000. The motion was supported by an affidavit of the Tucson City Attorney asserting that claims against the City in amounts over $10,000 had to be approved first by the City Attorney and then by the mayor and council. According to the affidavit, that procedure had not been followed in the earlier Williams case. Plaintiff responded that the City's motion to dismiss should be treated as a motion for summary judgment, that it was premature, and that plaintiff should be granted additional time to respond pursuant to Rule 56(f), Ariz.R.Civ.P. The motion to dismiss was scheduled for hearing in Tucson for 9:00 a.m., December 22, 1986.

A deposition in the case, attended by attorneys for all three parties, was held on December 17, 1986. At its conclusion, Mr. Kepner, Phoenix attorney for Cravens, advised the other counsel that he did not intend to go to Tucson for the December 22 hearing on the City's motion to dismiss since it did not involve his client. There was discussion among the attorneys that the most likely result of the December 22 hearing would be that plaintiff would be granted some time to conduct discovery and to file a supplemental response. When Kepner returned to his office on January 5, 1987, following a vacation, he was no doubt shocked to find the following minute order of the December 22 hearing:

> Parties are not present.
>
> Counsel argue to the Court.
>
> Based upon Mr. Wiggins' [plaintiff's counsel] oral request,
>
> IT IS ORDERED that Cravens, Dargan and Company, Pacific Coast, a Delaware corporation, pay $100,000.00, together with interest and costs accruing, forthwith to plaintiff.
>
> The Court takes the City of Tucson's Motion to Dismiss Complaint UNDER ADVISEMENT.

Kepner promptly filed, on behalf of Cravens, a "Notice of Change of Judge" and a

**476**

"Motion to Vacate Minute Entry." Plaintiff opposed the notice of change of judge, claiming that Cravens had waived its right to a change of judge by permitting Judge Fleischman to hear the City's motion to dismiss. After some procedural uncertainty (the motions were transferred from Judge Fleischman to Judge Miller, then back to Judge Fleischman and finally back to Judge Miller), the true extent of Cravens' unenviable procedural dilemma became apparent. Should Cravens appear before Judge Fleischman to argue its motion to vacate the minute entry, it would almost surely lose its right to a change of judge, which right plaintiff was already contending had been lost. On the other hand, should Cravens be successful in changing judges, the new judge would not have authority to vacate Judge Fleischman's order of December 22.

At a hearing on January 26, 1987, Judge Miller did indeed rule that no judge except Judge Fleischman could hear the motion to vacate. She also ruled that Cravens had waived its right to a change of judge by permitting Judge Fleischman to hear the City's motion to dismiss. Faced with this situation, Cravens filed a petition for special action with the court of appeals, requesting that both Judge Fleischman's order of December 22, 1986, and Judge Miller's order of January 26, 1987, be reversed. The court of appeals dismissed the petition. In this court, the only relief petitioner seeks is an order setting aside Judge Fleischman's minute order of December 22, 1986.

### III. Validity of the December 22, 1986 Minute Order

Because no court reporter was present at the December 22 hearing before Judge Fleischman, the enigmatic minute order of that date can only be explained by reference to another source. The only source in the record is the affidavit of Anthony J. Wiggins, plaintiff's counsel. That affidavit explains what happened at the hearing: Judge Fleischman told counsel for the plaintiff and the City that he questioned why plaintiff was involved in this dispute between the City and Cravens. Judge

Fleischman then determined that an order against the City to pay $100,000 to plaintiff would be ineffective since no one at the City was authorized to pay that amount without approval of the mayor and council. Judge Fleischman then requested that plaintiff's counsel request entry of an order directing Cravens to pay $100,000 to plaintiff. Pursuant to the "request" from the court, plaintiff's counsel requested such an order and it was forthwith granted. At no time was any evidence of Cravens' liability presented by affidavit or otherwise. The original object of the hearing, the City's motion to dismiss, was taken under advisement.

The minute entry summarily ordering Cravens to pay $100,000 plus interest and costs is erroneous and patently so. No rule of civil procedure authorizes a trial court to grant its own *sua sponte* request for judgment without giving notice and an opportunity to be heard to the opposing party. The court's "request" to plaintiff's counsel to, in turn, request the order from the court does not legitimatize the process—at best it converts it from an improper *sua sponte* order to an improper *ex parte* order. Not only does no rule permit this procedure, no such rule could constitutionally exist. Both the Arizona and federal constitutions prohibit deprivation of property without notice and hearing. Fair notice and hearing are fundamental and elementary requirements of due process. *Huck v. Haralambie*, 122 Ariz. 63, 65, 593 P.2d 286, 288 (1979).

[I]t is a rule as old as the law that no one shall be personally bound until he has had his day in court, by which is meant until he has been duly cited to appear and has been afforded an opportunity to be heard. Judgment without such citation and opportunity lacks all the attributes of a judicial determination; it is judicial usurpation and oppression and can never be upheld where justice is fairly administered....

*Phoenix Metals Corp. v. Roth*, 79 Ariz. 106, 109–10, 284 P.2d 645, 647 (1955), *quoting* 12 Am.Jur. Constitutional Law § 573.

In *Phoenix Metals,* we also quoted the United States Supreme Court's view of due process and its guarantee of notice and hearing:

> The law is, and always has been, that whenever notice of citation is required, the party cited has the right to appear and be heard; and when the latter is denied, the former is ineffectual for any purpose. The denial to a party in such a case, of the right to appear, is in legal effect the recall of the citation to him ...
> *Windsor v. McVeigh,* 93 U.S. [3 Otto] 274, 23 L.Ed. 914 [1876], and further:
> ... The fundamental conception of a court of justice is condemnation only after hearing. To say that courts have inherent power to deny all right to defend an action, and to render decrees without any hearing whatever, is, in the very nature of things, to convert the court exercising such an authority into an instrument of wrong and oppression, and hence to strip it of that attribute of justice upon which the exercise of judicial power necessarily depends. *Hovey v. Elliott,* 167 U.S. 409, 17 S.Ct. 841, 843, 42 L.Ed. 215 [1897].

*Phoenix Metals,* 79 Ariz. at 110, 284 P.2d at 647–48.

Cravens had no notice whatsoever that a $100,000–plus judgment would be leveled against it at the December 22 hearing. Williams claims that Cravens had notice of the possibility of a decision "against its interests" resulting from the hearing. The only notice Cravens had was that the City might be released as a defendant on December 22. Even that possibility was remote at such an early stage of the proceedings and did not, in fact, occur. The motion to dismiss was totally separate and distinct from the oral request granted at the hearing. This distinction is obvious from the minute entry itself which grants the oral request but takes the motion to dismiss under advisement.

On the merits, Williams makes little attempt to justify the patently erroneous order of December 22. Instead, she relies on procedural arguments. In the court of appeals, Williams argued that special action was inappropriate because Cravens had an adequate remedy on appeal. In this court, she argues that we should defer to the court of appeals' discretion.

It is true that we will rarely grant special action relief where a later appeal is available. It is also true that decisions of the court of appeals in denying special action relief are largely discretionary. However, we have jurisdiction to grant relief where justice demands. Where, as here, the question presented is solely one of law and where there is no conceivable justification for the trial court's action, we may properly exercise our discretion in favor of a speedy resolution. *King v. Superior Court,* 138 Ariz. 147, 673 P.2d 787 (1983). Even the party who is the beneficiary of this gratuitous order for judgment can find no authority to support it. There is no justifiable reason to compel Cravens to get a final judgment, supersede it and then, after a lengthy appeal process, obtain the inevitable reversal.

## IV. Disposition

The order of the court of appeals dismissing the petition for special action is vacated, the relief requested in the petition for review is granted, and the minute order of Judge Fleischman dated December 22, 1986, is set aside.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ., concur.