745 P.2d 614

**STATE of Arizona, a political entity, Petitioner,**

v.

**SUPERIOR COURT OF the STATE of Arizona, In and For the COUNTY OF MARICOPA, Honorable Joseph O. Howe, a judge thereof, Respondent Judge,**

**Michael A. GARCIA, Real Party in Interest.**

**No. 1 CA–SA 128.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 6, 1987.

Review Granted Dec. 8, 1987.

Snell & Wilmer by George H. Lyons, James J. Osborne, Thomas L. Gerber, Phoenix, and Robert K. Corbin, Atty. Gen., by Laurie Eiler Downey, Asst. Atty. Gen., Phoenix, for petitioner.

Jacoby & Meyers Law Offices by John R. Baker, Scottsdale, for real party in interest.

OPINION

JACOBSON, Presiding Judge.

This special action review requires the court to resolve the issue of whether a worker's compensation claim assigned by operation of law to the State Compensation Fund (Fund), may be reassigned to the claimant on the condition that the claimant forego any action against the State of Arizona.

The claimant, Michael Garcia, was injured in a motor vehicle accident which occurred at the University of Arizona farm in Pinal County on November 17, 1983. The claimant was a passenger in the ve-

hicle which rolled over when the driver attempted to avoid debris in the roadway. As a result of the accident, the Fund provided worker's compensation benefits to the claimant. On November 17, 1984, the claimant's entire cause of action was assigned to the Fund by operation of A.R.S. § 23–1023(B), which provides that:

[i]f the employee entitled to compensation under this chapter ... does not pursue [his] remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof, or may be reassigned in its entirety to the employee or his dependents. After the reassignment, the employee entitled to compensation ... shall have the same rights to pursue the claim as if it had been filed within the first year.

The claimant entered into an agreement with the Fund on January 11, 1984 in which he accepted a reassignment of his cause of action. The agreement contained an express condition that the claimant agreed to waive his right to:

institute or pursue any action against the above-named employer, [the Fund] and/or the employees of either or the State of Arizona or any agency or department thereof, all of whom are expressly excluded from this Assignment.

Despite this agreement, the claimant filed a complaint against the State of Arizona and Pinal Mammoth Gypsum Company on October 31, 1985, requesting damages for the injuries sustained in the 1983 accident. The State filed a motion for summary judgment based upon the reassignment agreement. The State's motion for summary judgment was denied. In his denial of the motion Judge Howe stated that:

the statute [A.R.S. § 23–1023] says the claim is reassigned 'in its entirety' and that thereafter the employee 'shall have the same rights' as before assignment.

Apparently, the legislature did not intend to allow dilution of the third-party claim by the assignment-reassignment process.

The State requests this court to accept special action jurisdiction pursuant to A.R.S. § 12–120.21, and to determine that the conditional reassignment is a valid, enforceable agreement which precludes the claimant from bringing his action against the State of Arizona; or in the alternative, to determine that if the conditional reassignment is invalid, then the entire agreement to reassign is invalid because the invalid provision cannot be severed from the valid remainder. We accept jurisdiction as this is an issue of first impression in this state, is of statewide importance, and deals solely with a question of law. *See Cravens, Dargan and Co. v. Superior Court*, 153 Ariz. 474, 737 P.2d 1373 (1987).

In support of the trial court's order, the claimant argues that the "unambiguous" language of A.R.S. § 23–1023(B), specifically, the phrases "in its entirety", and "shall have the same rights", is a legislative mandate that conditional reassignments are invalid. The State, however, contends that such a construction is contrary to the intent of the legislature, as evidenced by the legislative history of this statute and its amendment to specifically permit reassignments.

A review of the legislative history of this statute is instructive. Prior to 1965, under the predecessor of A.R.S. § 23–1023, the injured worker was given the mutually exclusive option of either accepting worker's compensation benefits or pursuing a tort claim against the alleged third party tortfeasor. § 1435, Revised Code of 1928. If the worker accepted compensation benefits, he forfeited all rights against the third party and these rights passed "to the state or other insurer, and no right of action, either direct or indirect, remains in him as against such third person." *Moseley v. Lily Ice Cream Co.*, 38 Ariz. 417, 423, 300 P. 958, 960 (1931).

However, if the compensation carrier sought to enforce its assigned rights under the statute against the third party tortfeasor, it was limited to a recovery of the

"amount which it paid, or is bound to pay in the future, as the result of an award made to the employee...." *Industrial Commission v. Nevelle*, 58 Ariz. 325, 332, 119 P.2d 934, 937 (1941). Under this state of the law, the injured worker's claim for pain and suffering, if compensation benefits were accepted, was assigned to the compensation carrier, but the carrier was unable to recover these damages against the third party tortfeasor.

In 1965 and in 1969, the legislature amended the statute to allow the injured worker to both collect compensation, and pursue the negligent third party. It also afforded the compensation carrier a lien upon any recovery obtained by the worker, and, in the event the worker did not pursue the third party tortfeasor, the "claim ... shall be deemed assigned to the insurance carrier ..." A.R.S. § 23–1023(B). The statute was in this posture when litigation arose concerning the right of the carrier to reassign the claim and in the event of reassignment, whether the carrier could assign only its claim for the amount of compensation it paid, which excluded any damages for pain and suffering.

In *Henshaw v. Mays*, 20 Ariz.App. 300, 512 P.2d 604 (1973) this court held that implicit in the legislation was the right of the carrier to reassign the claim back to the worker and that the worker, upon reassignment, could pursue the tortfeasor for all damages including those for pain and suffering.

In *Martinez v. Bucyrus-Erie Company*, 113 Ariz. 119, 547 P.2d 473, *appeal dismissed*, 429 U.S. 880, 97 S.Ct. 228, 50 L.Ed. 2d 162 (1976) and *K.W. Dart Truck Co. v. Noble*, 116 Ariz. 9, 567 P.2d 325 (1977) the Arizona Supreme Court reiterated its position under the previous statute that once the claim had been assigned to the carrier, by operation of law, no claim remained in the injured worker upon which the worker could base an action against the negligent tortfeasor. In addition, the Supreme Court intimated in *K.W. Dart Truck Co.* that our holding in *Henshaw*, that the claim could be reassigned, was incorrect.

In *Stephens v. Textron, Inc.*, 127 Ariz. 227, 619 P.2d 736 (1980), the Arizona Supreme Court was presented with the factual picture of the injured worker bringing an action against the alleged third party tortfeasor within two years after injury, but not obtaining a "reassignment" of the claim from the carrier until after the two year statute of limitations had run. In upholding a dismissal of the worker's action, the court reasoned that since the action was barred as to the carrier at the time it attempted the reassignment, the assignee/worker could get no better rights than the carrier and therefore the worker's action was likewise barred. While *Stephens* disavowed the rationale of *Henshaw*, the Supreme Court specifically held: "It is an open question whether a claim may be reassigned and *what interest is conveyed thereby.*" *Id.* at 230, 619 P.2d at 739 (emphasis added).

Since the specific holding of *Stephens* was that an assignee (the worker) can stand in no better position than the assignor (the carrier), the Supreme Court's leaving open the "interest ... conveyed thereby" had to be referring to whether, if a reassignment was permissible, the worker could only pursue the claim that the carrier held, which under prior law, excluded pain and suffering.

The first question left open in *Stephens* was answered by the Supreme Court in *Ross v. Superior Court*, 128 Ariz. 301, 625 P.2d 890 (1981), by overruling *Henshaw v. Mays* and holding that "the claim assigned to the insurance carrier by operation of law is neither assignable to a third person nor reassignable to the insurance claimant."

■ In response to *Ross*, the legislature on April 27, 1981, passed H.B. 2176 which amended A.R.S. § 23–1023 and allowed the carrier to reassign the claim to the injured worker. In our opinion the amendment also answered the second question left open by *Stephens*, that is, what interest was passed by the reassignment, by stating that the claim may be reassigned "in its entirety to the employee or his dependents" and the employee "shall have the same rights as obtained before." Thus, given

the legislative and decisional background of this statute, we conclude that the phrases "in its entirety" and "same rights" referred not to who can be sued but rather to what substantive claim for damages survives the reassignment process to become revested in the injured claimant. To hold otherwise is to ignore the historical contentions surrounding the reassignment controversy.

Also, our reading of the statute is consistent with the unbridled discretion vested in the carrier, for it to pursue the action or not, or to reassign the action or not as it sees fit. *Hertel v. Home Ins. Co.*, 124 Ariz. 338, 604 P.2d 269 (App.1979) (carrier owes no duty, contractual or otherwise, to reassign claim.) As the trial judge aptly noted in this case it is illogical to allow the carrier the complete discretion as to whether or not to assign the entire claim, but disallow it the right to reassign the claim only to specific parties.

■ Therefore, we hold that A.R.S. § 23–1023(B) permits the carrier discretion to conditionally reassign the claim to respondent Garcia. As a result of this conclusion, we hold that the trial judge erred in denying petitioner's motion for summary judgment. Because we find that the reassignment agreement is valid and enforceable, we need not reach the State's alternative argument regarding the validity or invalidity of the entire agreement in the event that the conditional reassignment is found to be invalid.

Accordingly, it is ordered that respondent Superior Court vacate its order dated November 14, 1986, and dismiss this action as to the State of Arizona, its departments, or its agencies. Relief granted.

GREER and HAIRE, JJ., concur.