725 P.2d 1120

**The COLUMBIA GROUP, INC., an Arizona corporation; Columbia Sand and Gravel Co., Inc., an Arizona corporation, Plaintiffs/Appellees,**

v.

**Douglas JACKSON dba Jackson Building Company; Drachman Business Park, a partnership; Stone & Drachman Partners, Ltd., a limited partnership, dba Stone & Drachman Venture, a joint venture, Defendants/Appellants.**

No. 2 CA–CIV 5498.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 19, 1985.

this point is unnecessary. Simply stated, the facts are in conflict on this issue.

Norman R. Freeman, II, P.C. by Michael B. Mance, Tucson, for plaintiffs/appellees.

Haralson, Kinerk & Morey, P.C. by Carter Morey and Denneen L. Peterson, Tucson, for defendants/appellants.

## OPINION

FERNANDEZ, Judge.

This is an appeal from the granting of a partial summary judgment in favor of appellees, Columbia Group, Inc. and Columbia Sand & Gravel Co., Inc. (hereinafter Columbia), against Douglas Jackson dba Jackson Building Co. and others. Summary judgment was granted on count two of Columbia's complaint for foreclosure of its materialman's lien. Jackson contends that the judgment was improper because the preliminary notice procedure required under A.R.S. § 33–992.01 was not followed. We disagree and affirm.

The parties agree that Jackson, as the proprietor of Jackson Building Co., was the general contractor of a project at 50 West Drachman (the subject real property). The property is owned by appellants, Stone & Drachman Partners, Ltd. and Drachman Business Park. Douglas Jackson is one of the general partners of Drachman Business Park. Jackson hired defendant, Julman Construction Co. (owned by Fernando and Sylvia Badilla), to do concrete work on the project. Appellee Columbia supplied concrete to Julman for use on the project. Jackson paid Julman all the money owed to it on the construction project, but Julman never paid Columbia.

Jackson Building Co.'s business address changed in June 1983 from 4756 East Grant Road to 1525 North Miracle Mile, Suite 105, both in Tucson. A change of address order on file with the U.S. Postal Service provided that all mail addressed to Jackson at 4756 E. Grant would be forwarded to 1525 N. Miracle Mile, Suite 105, for a period of one year.

On October 8, 1983, Columbia had its agent, Littleton-Long, Inc., serve its preliminary 20–day notice in accordance with A.R.S. § 33–992.01 on Jackson as original contractor, Pima Savings and Loan Association as construction lender, Drachman Business Park and Stone & Drachman Partners, Ltd. dba Stone & Drachman Venture as the owners, and on Julman Construction. Service was by first class mail with a certificate of mailing, and a proof of service affidavit was filed pursuant to A.R.S. § 33–992.02. None of the acknowledgments of notice was returned.

Thereafter Columbia filed a complaint against Julman and its owners on an open account and against appellants to foreclose the materialman's lien. A default judgment was entered against Julman. Appellant Jackson filed a counterclaim alleging in count one that Julman had assigned all its rights against Columbia to him. In count two Jackson alleged that Columbia negligently and fraudulently represented Julman to be a reputable subcontractor.

The court granted summary judgment on count two of Columbia's complaint and on count one of Jackson's counterclaim. Count two of the counterclaim is still pending. The only issue on appeal is the granting of summary judgment on count two of the complaint (the lien foreclosure).

Appellants essentially present three arguments: 1) that the summary judgment against the property owners was not proper because there was evidence that the owners did not receive the preliminary notice; 2) that summary judgment against Jackson was improper because the preliminary notice was mailed to the Grant Road address rather than to the Miracle Mile address, and there was evidence that Jackson did not receive it, and 3) that due process requires actual notice.

The applicable portions of A.R.S. § 33–992.01 read as follows:

"[A.] 4. 'Preliminary twenty day notice' means a written notice from a claimant that is given prior to the recording of a mechanic's lien and which is required to be given pursuant to this section.

"B. Except for [exceptions not applicable here], every person who furnishes labor, materials, machinery, fixtures or tools for which a lien otherwise may be claimed under this article shall, as a necessary prerequisite to the validity of any claim of lien, serve the owner or reputed owner, the original contractor or reputed contractor and the construction lender, if any, or reputed construction lender, if any, with a written preliminary twenty day notice as prescribed by this section.

\* \* \* \* \* \*

"G. The notice required by this section may be served ... by first class, registered or certified mail, postage prepaid, addressed to the person to whom notice is to be given at his residence or business address. If service is made by first class, certified or registered mail, service is complete at the time of the deposit of such mail."

If service is made by mail, A.R.S. § 33–992.02 requires the certificate of mailing or the receipt of certification or registration to be attached to the affidavit of the person making service.

An affidavit of Timothy Weil, one of the partners of Stone and Drachman Business Park, was filed one day after the trial court ruled on this matter and therefore will not be considered by this court.

 It is clear that if one asserting a materialman's lien fails to give the preliminary 20–day notice, he loses his right to the lien. A.R.S. § 33–981(D). The purpose of the notice requirement is to give the property owner an opportunity to investigate the claim to determine whether it is a proper charge. *Lewis v. Midway Lumber, Inc.,* 114 Ariz. 426, 561 P.2d 750 (App.1977).

### Service on the Property Owners

The owners contend that because they did not *receive* the notice, service was not complete. The trial court correctly found that because A.R.S. § 992.01(G) provides that "service is complete at the time of the deposit of such mail," the service here was complete, and the question of actual receipt is immaterial.

Rule 5(c), Rules of Civil Procedure, 16 A.R.S., provides that "[s]ervice by mail is complete upon mailing." Arizona courts have held completion of service by mail not to be dependent on receipt. *Phoenix Metals Corp. v. Roth,* 79 Ariz. 106, 284 P.2d 645 (1955); *Matter of Estate of Kerr,* 137 Ariz. 25, 667 P.2d 1351 (App.1983); *Smith v. Industrial Commission,* 11 Ariz.App. 519, 466 P.2d 392 (1970). See also *Government Employees Insurance Co. v. Superior Court,* 27 Ariz.App. 219, 553 P.2d 672 (1976) (receipt of notice is not necessary to effect cancellation of insurance policy). We therefore find no merit to the owners' contention.

### Service on Jackson

There is little case law on the question of when a letter mailed to an old address is still properly addressed. Here it is uncontroverted that the post office had been notified of Jackson's change of address and that his mail would be forwarded for a year after the notification. Jackson admitted that he received several statements from Columbia addressed to the Grant Road address between September 30, 1983 and June 1984. The trial court found that service on the last recorded business address in Columbia's records was sufficient, and we find there was substantial evidence to support that determination. Thus, under the particular circumstances of this case, we find that the trial judge's ruling as to service on Jackson was correct.

### Actual Notice

We find that appellants were not deprived of due process in this case. Due process does not require receipt of actual notice. *Spielman-Ford, Inc. v. Hanson's, Inc.,* 379 F.Supp. 997 (D.Ariz.1973), aff'd, 417 U.S. 901, 94 S.Ct. 2596, 41 L.Ed.2d 208 (1974). We also find that appellees complied with the statute and that Jackson was properly served with the preliminary 20–day notice.

Affirmed.

BIRDSALL, P.J., and HOWARD, J., concur.