818 P.2d 209

**STATE of Arizona, ex rel., Grant WOODS, Attorney General, Petitioner,**

v.

**The Honorable Charles A. FILLER, Judge, the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent,**

**Jerry L. ROPER and Edith I. Roper d/b/a Lester's Cocktail Lounge, and Lily Pad Social Club, Real Parties in Interest.**

**No. 1 CA–SA 91–104.**

Court of Appeals of Arizona, Division 1, Department E.

Sept. 12, 1991.

Grant Woods, Atty. Gen. by Cameron H. Holmes, Asst. Atty. Gen., Phoenix, for petitioner.

Michael Terribile, P.C. by Michael Terribile, Phoenix, for respondents Roper.

Martin Lieberman, P.C. by Martin Lieberman, Phoenix, for respondent Lily Pad Social Club.

## OPINION

SHELLEY, Judge.

This special action was filed by the State of Arizona (state) against Jerry L. Roper and Edith I. Roper d/b/a Lester's Cocktail Lounge, and Lily Pad Social Club, real parties in interest (respondents). The state filed a notice of seizure and pending forfeiture of personal property belonging to respondents in the trial court. An order to show cause hearing commenced on April 5, 1991, pursuant to A.R.S. § 13–4310(B). The sole issue in an order to show cause hearing is whether there is probable cause for the forfeiture of the property. A.R.S. § 13–4310(E)(2) permits hearsay testimony to establish probable cause. Respondents objected to hearsay testimony, asserting that A.R.S. § 13–4310(E)(2) is unconstitu-

tional because it invades the Arizona Supreme Court's rule making authority. The trial court sustained the objection. The court then recessed the hearing until April 9, 1991. The state filed this special action. We granted the state's request for a stay of all further proceedings until the further order of this court. We have previously accepted jurisdiction with this opinion to follow. We grant relief.

## BACKGROUND

The trial court issued a search warrant for gambling-related evidence for the search of the premises owned by respondents. Pursuant thereto, the police seized as evidence approximately $20,000 in cash, gambling tables, cards, dice, and other gambling-related paraphernalia from the premises of the respondents.

On March 6, 1991, the state filed a notice of seizure and pending forfeiture of most of the property previously seized as evidence under the search warrant. On March 20, 1991, pursuant to A.R.S. § 13–4310(B), respondents applied for an order to show cause. On March 29, 1991, an order to show cause hearing commenced. The state offered hearsay testimony to establish probable cause that the property was subject to forfeiture. The court sustained the objection to the admissability of hearsay testimony. A.R.S. § 13–4310(B) and (E)(2) reads:

B. If property is seized for forfeiture without a prior judicial order of forfeiture or a hearing pursuant to § 13–4312, subsection D, a court, on an application filed by an owner of or interest holder in the property within fifteen days after notice of its seizure for forfeiture or actual knowledge of it, whichever is earlier, and complying with the requirements for claims in § 13–4311, subsections E and F, *may issue an order to show cause* to the seizing agency, with five days' notice to the attorney for the state, for a hearing *on the sole issue of whether probable cause for forfeiture of the property then exists.* If the court finds that there is no probable cause for

forfeiture of the property, any property seized for forfeiture from the applicant shall be released from its seizure for forfeiture pending the outcome of a judicial proceeding pursuant to this chapter.

. . . .

E. In hearings and determinations pursuant to this chapter:

. . . .

2. The court shall receive and consider, in making any determination of probable cause or reasonable cause, *all evidence and information that would be permissible in determining probable cause at a preliminary hearing, at a grand jury* or by a magistrate pursuant to § 13–3913, together with inferences from the evidence and information. [Emphasis added.]

The order to show cause hearing is a preliminary hearing only and not a trial on the merits. Hearsay evidence is admissible to establish probable cause before a grand jury and in preliminary hearings. Hearsay is also admissible to establish probable cause for the issuance of a search warrant by a magistrate, provided a substantial basis for crediting the hearsay is presented. *See State v. Brazil,* 18 Ariz.App. 545, 504 P.2d 76 (1973).

Arizona Revised Statutes § 13–4311(D), (J), and (K) provide for a hearing on the merits, wherein the state has the initial burden of showing probable cause for forfeiture of the property. Pursuant to A.R.S. § 13–4310(E)(2), this burden may also be met by hearsay testimony. Respondents challenge the constitutionality of the statute as it applies to order to show cause hearings and to a trial on the merits. A trial on the merits has not occurred in this case. The right to present hearsay testimony to establish probable cause in a hearing on the merits was never presented to the trial court nor was it ripe for determination. The *only* issue properly before this court is the constitutionality of § 13–4310(E)(2) as it applies to the order to show cause hearing.

The question to be decided in this action is purely a question of law, unrelated to any factual disputes. The issue presented is a matter of first impression in this state. We deem it to be of state-wide importance.

IS ARIZONA REVISED STATUTES § 13–4310(E)(2), WHICH ALLOWS HEARSAY TESTIMONY TO BE PRESENTED IN AN ORDER TO SHOW CAUSE FORFEITURE HEARING, UNCONSTITUTIONAL AS A LEGISLATIVE INVASION OF THE SUPREME COURT'S RULE–MAKING AUTHORITY?

In *State ex rel. Collins v. Seidel,* 142 Ariz. 587, 691 P.2d 678 (1984), our supreme court accepted a statutory rule which established a procedure for evidentiary admission of the results of blood alcohol tests. It did not require the use of expert witnesses. However, expert witnesses are required pursuant to the rules of evidence for the admission of this type of evidence. Our supreme court stated:

We turn, then, to the procedural problem. We have promulgated a set of evidentiary rules which allow admission of evidence by one procedure, while the legislature has adopted a statute (§ 28–692.-03) which permits admission by a different procedure. The question before us today is: which shall govern? Is the statutory system exclusive or do the Rules of Evidence also apply?

The constitution of Arizona gives the Supreme Court the power to make rules relative to all procedural matters in any court (footnote omitted). Article 6, § 5(5). Pursuant to that authorization, this court promulgated the Rules of Evidence to take effect on September 1, 1977. Rules of evidence have generally been regarded as procedural in nature. *Ammerman v. Hubbard Broadcasting, Inc.,* 89 N.M. 307, 310, 551 P.2d 1354, 1357 (1976); thus, our promulgation of these rules was within the power granted us by the constitution. *See also* 1 Wigmore on Evidence, § 7, 462–63 n. 1 (Tillers rev. 1983). The rules cover admission of 'Opinions and Expert Testimony.' Rules 701 to 706, Rules of Evidence. Admission of testimony regarding the intoxilyzer test and its results would pri-

marily be governed by Rule 702, which reads as follows:

**Testimony by Experts:**

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Cases construing Rule 702 have held that the proponent of evidence based on scientific, technical or specialized knowledge must make a showing of general acceptance under the rule of *Frye v. United States,* 293 Fed. 1013 (D.C.Cir. 1923). *State ex rel. Collins v. Superior Court,* 132 Ariz. 180, 644 P.2d 1266 (1982). Also required is a foundational showing by a qualified expert that the accepted technique was properly used and the results accurately measured and recorded.

A.R.S. § 28–692.03(A) provides for admission of what is essentially scientific or technical opinion evidence without the necessity of 'a witness qualified as an expert' as required by Rule 702 and cases construing the rule. The case at bench thus requires us to determine whether the legislature may provide procedures for admission of evidence in a manner other than that prescribed by rules which this court promulgates pursuant to the power conferred on it by article 6, § 5(5).

That we possess the rule-making power does not imply that we will never recognize a statutory rule. *We will recognize 'statutory arrangements which seem reasonable and workable' and which supplement the rules we have promulgated. Alexander v. Delgado,* 84 N.M. 717, 718, 507 P.2d 778, 779 (1973). However, when a conflict arises, or a statutory rule tends to engulf a general rule of admissibility, we must draw the line. The legislature cannot repeal the Rules of Evidence or the Rules of Civil Procedure made pursuant to the power provided us in article 6, § 5. *Ammerman v. Hubbard Broadcasting,*

*Inc., supra; cf. State v. Herrera,* 92 N.M. 7, 582 P.2d 384 (1978).

The question, then, is whether A.R.S. § 28–692.03 is only an alternative method of admitting breath test evidence, or one that flatly contradicts the procedures adopted by the Rules of Evidence.

. . . .

*The statutory method is a workable, reasonable method provided as an alternative to the method of admission under the Rules of Evidence. Either party may use either method.* [Emphasis added.]

*Seidel,* 142 Ariz. at 590–91, 691 P.2d at 681–82. The supreme court will recognize statutory evidentiary rules when they are "reasonable and workable," supplementing rather than contradicting the rules promulgated by the court. When a conflict arises between the rules of evidence and a statute, or when a statute engulfs a rule, it cannot be upheld. *Barsema v. Susong,* 156 Ariz. 309, 314, 751 P.2d 969, 974 (1988).

Rule 802, Arizona Rules of Evidence, reads:

Hearsay is not admissible except as provided by applicable constitutional provisions, *statutes,* or rules. [Emphasis added.]

In *State v. Robinson,* 153 Ariz. 191, 197 n. 6, 735 P.2d 801, 807 n. 6 (1987), our supreme court stated:

6. Rule 802 and *State v. Ryan,* 103 Wash.2d 165, 691 P.2d 197 (1984) are not to the contrary. *Ryan* upheld a statute nearly identical to A.R.S. § 13–1416 against a rulemaking challenge *on the basis that Rule 802 contemplates statutory exceptions to the rule against hearsay. We agree with Ryan, but believe it is premised on the unarticulated assumption that any new statutory exceptions will be consistent with the purpose of the hearsay exceptions set out in Rules 803 and 804.* [Emphasis added.]

Arizona Revised Statutes § 13–4310(E)(2), as it applies to the order to show cause hearing, is consistent with the

purposes of the hearsay exceptions set out in Rule 803 and Rule 804.

Rule 1101, Arizona Rules of Evidence, provides that the rules apply generally to civil actions and proceedings.

(b) **Proceedings generally.** These rules apply generally to civil actions and proceedings, to contempt proceedings except those in which the court may act summarily, and to criminal cases and proceedings except as otherwise provided in the Arizona Rules of Criminal Procedure.

(d) **Rules inapplicable.** The rules (other than with respect to privileges) do not apply to proceedings *before grand juries.* [Emphasis added.]

Rule 5.4(c), Arizona Rules of Criminal Procedure, provides for hearsay evidence to be used in preliminary hearings. Traditionally, hearsay evidence has been admissible in hearings where probable cause is the only issue. Since hearsay testimony is admissible to prove probable cause in other hearings wherein only preliminary determinations are made, we opine that the statutory exception to the hearsay rule provided in A.R.S. § 13–4310(E)(2) is consistent with the purpose of the hearing exceptions set forth in Rules 803 and 804.

Respondents point out that the state's witnesses were available to testify at the hearing. Therefore, we assume that the witnesses would be available to testify at the trial on the merits. Rule 5.4(c)(3), Arizona Rules of Criminal Procedure, reads:

c. **Evidence.** The finding of probable cause shall be based on substantial evidence, which may be hearsay in whole or in part in the following forms:

. . . .

(3) The testimony of a witness concerning the declarations of another or others where such evidence is cumulative or *there is reasonable ground to believe that the declarants will be personally available for trial.* [Emphasis added.]

Although 5.4(c)(3) is a rule of criminal procedure, it is indicative of the type of safeguard required with regard to hearsay evidence in probable cause hearings. That requirement is fulfilled in the present case.

There are reasonable grounds to believe that the declarants will be personally available at the trial.

Respondents assert that A.R.S. § 13–4310(E)(2) is not reasonable and workable because it treats the parties to a forfeiture action differently. This is incorrect, at least with respect to order to show cause hearings. There is nothing in the statute which prohibits the claimant from adducing hearsay testimony at those hearings.

Respondents rely on *Robinson* in which Robinson was charged with two counts of sexual conduct with a minor and two counts of child molestation. The trial court found that the victim was legally unable to testify due to a mental infirmity. Based on this ruling, the court permitted testimony with regard to the victim's out of court statements to be introduced at the trial pursuant to A.R.S. § 13–1416. The court stated:

Although we have previously recognized consistent statutory additions to the rules of evidence, *Seidel, supra, Readenour* [*v. Marion Power Shovel*], *supra,* [149 Ariz. 442, 719 P.2d 1058 (1986)] the reach of our rulemaking authority and the function of the hearsay rules, taken together, severely limit the legislature's authority to manipulate the hearsay rules, particularly in criminal cases where confrontation rights are constitutionally protected.

*Robinson,* 153 Ariz. at 197, 735 P.2d at 807. Since the present case is not a criminal case, no confrontation rights are involved. Furthermore, *Robinson* involved a trial on the merits. The order to show cause hearing in the present case was merely a preliminary hearing. Thus, *Robinson* is inapposite.

*State v. Fowler,* 156 Ariz. 408, 752 P.2d 497 (App.1987), cited by respondents, is also inapposite. Rule 32.4(a), Arizona Rules of Criminal Procedure, provides that a petition for post-conviction relief "may be filed at *any time* after entry of judgment and sentence." (Emphasis added.) In *Fowler,* the statute in question set a one year time limit for the filing of a petition for post-conviction relief. This court held that the one-year time limit directly con-

flicted with the rule, and was therefore an unconstitutional invasion of the supreme court's rule-making authority. The statute in question in this case does not conflict with the rules of evidence.

### CONCLUSION

Arizona Revised Statutes § 13–4310(E)(2) is a "reasonable and workable" statute supplementing the ruling promulgated by the court. A.R.S. § 13–4310(E)(2) is constitutional. The trial court erred in excluding hearsay testimony in the order to show cause hearing. The stay previously entered is lifted. This case is remanded to the trial court for further proceedings consistent with this opinion.

CONTRERAS, P.J., and EUBANK, J., concur.