939 P.2d 435

Gabriel ENCINAS and Ofelia Encinas, husband and wife, Plaintiffs–Appellees,

v.

Joseph R. POMPA, d.b.a. La Perla Cafe, Defendant–Appellant.

No. 1 CA–CV 96–0355.

Court of Appeals of Arizona, Division 1, Department C.

June 10, 1997.

Fredrick D. Merrill, P.C. by Fredrick D. Merrill, Phoenix, for Plaintiffs–Appellees.

Randall H. Warner and Richard J. Trujillo, Phoenix, for Defendant–Appellant.

## OPINION

SULT, Judge.

Joseph Pompa appeals from the entry of a default judgment against him on a RICO claim filed by Gabriel Encinas. In this opinion, we address the issue of the trial court's subject matter jurisdiction over a RICO claim under Arizona Revised Statutes Annotated ("A.R.S.") section 13–2314.04(H) (Supp. 1996). We hold that the trial court had subject matter jurisdiction because this statute, in conditioning jurisdiction on compliance with procedural requirements specified therein, impermissibly conflicts with court rules governing procedure. In a separate, unpublished decision issued this date, we address the remaining issues raised by Pompa. *See Fenn v. Fenn,* 174 Ariz. 84, 85, 847 P.2d 129, 130 (App.1993).

## BACKGROUND

Encinas worked for Pompa at Pompa's La Perla Cafe from 1980 until 1994. On December 17, 1994, Encinas severely injured his hand while at work. Pompa did not provide workers' compensation insurance for his employees and Encinas filed a complaint in Superior Court against Pompa alleging gross negligence, conspiracy to commit tax and workers' compensation insurance fraud, and RICO violations.

Encinas did not serve the Attorney General with notice and a copy of his complaint within thirty days, as required by section 13–2314.04(H) for all civil pleadings alleging a RICO violation.[1] Pompa moved for judgment on the pleadings alleging, *inter alia,* that Encinas' failure to timely notify the Attorney General deprived the trial court of subject matter jurisdiction over the RICO claim, pursuant to the express language of section 13–2314.04(H). The trial court rejected this contention, finding that it did have subject matter jurisdiction. Pompa timely appealed.

---

1. Such service was eventually accomplished.

## DISCUSSION

The question of a trial court's subject matter jurisdiction is one of law and one which we review *de novo*. *Hughes v. Creighton*, 165 Ariz. 265, 267, 798 P.2d 403, 405 (App.1990). Section 13–2314.04(H) provides in relevant part:

A person who files an action under this section [a private RICO claim] shall serve notice and one copy of the pleading on the attorney general within thirty days after the action is filed with the superior court. This requirement is jurisdictional.

The initial question is whether section 13–2314.04(H) is procedural in nature or whether it creates or defines a substantive right. This inquiry is necessary because, while the Arizona Constitution gives the legislature the power to originate substantive law, that document also grants the Arizona Supreme Court the exclusive power to enact procedural rules of court. Ariz. Const. art. 6, § 5(5). *See State v. Birmingham*, 96 Ariz. 109, 110, 392 P.2d 775, 776 (1964). Consequently, if the legislature intrudes into the procedural realm, a question implicating the separation of powers doctrine is raised. Ariz. Const. art. 3; *Pompa v. Superior Court*, 187 Ariz. 531, 533, 931 P.2d 431, 433 (App.1997).[2]

Upon a careful reading of the statute, we conclude that it does not create or define a substantive right. Rather, the substantive right of a private party to bring a RICO action and the substantive right of the Attorney General to intervene in that action are found elsewhere. *See* A.R.S. §§ 13–2314.04(A), 13–2314.04(I) (Supp.1996). The function served by section 13–2314.04(H) is to regulate the method by which these substantive rights are enforced. This is the classic definition of a procedural rule. *Daou v. Harris*, 139 Ariz. 353, 358, 678 P.2d 934, 939 (1984) ("The procedural law prescribes the method by which a substantive law is enforced or made effective.").

That a statute creates a procedural rule does not automatically render it invalid as a violation of the separation of powers provision. As our Supreme Court noted in *State ex rel. Collins v. Seidel*, 142 Ariz. 587, 591, 691 P.2d 678, 682 (1984), the legislature may enact procedural rules so long as they merely supplement, but do not contradict, existing court-made rules. It is the role of the courts to review a legislatively created rule to determine whether it meets the test enunciated in *Seidel* or, conversely, impermissibly infringes on the constitutional power vested in our Supreme Court. *Id.* We now undertake our review of section 13–2314.04(H) to determine what conflicts, if any, exist with court rules and whether all or any part of the statute can be upheld. *State, ex rel. Woods v. Filler*, 169 Ariz. 224, 227, 818 P.2d 209, 212 (App.1991) (where statutory rule is reasonable and workable, courts will enforce it).

As noted, section 13–2314.04(H) is a procedural aid to the Attorney General in exercising his right to intervene in a private RICO action. That substantive right is granted in a companion provision, section 13–2314.04(I) (Supp.1996), which permits the Attorney General, on timely application, to intervene in a RICO action if he deems it to be "of special public importance." Once involved, the Attorney General may assert any available claim and is entitled to any relief he could have obtained if he had instituted a separate action. *Id.*[3]

---

2. *Pompa* is a prior special action proceeding in this case, where another panel of this court considered A.R.S. section 13–2314(M) (Supp.1996), which requires service on the Attorney General of copies of the notice of appeal and appellant's opening brief as a jurisdictional condition in an appeal involving a RICO claim. The court found the statute was in conflict with existing court rules governing appeals and ruled the jurisdictional condition unconstitutional. 187 Ariz. at 533–35, 931 P.2d at 433–35.

3. This substantive right granted to the Attorney General is significant. While the RICO statutes are written primarily to impact criminal behavior, the law also authorizes the Attorney General and county attorneys to bring an action to obtain civil remedies against an offender. A.R.S. § 13–2314(A) (Supp.1996). It is certainly conceivable that the Attorney General may have an important interest in a private RICO action where, for example, a critical issue of statutory interpretation may affect his ability to pursue civil RICO remedies. The Attorney General may also wish to intervene in order to take advantage of the discovery product generated in the civil action for use in a possible criminal proceeding.

For the Attorney General to avail himself of this substantive right, it is a *sine qua non* that he know such an action is pending. Moreover, if the Attorney General is to have an adequate opportunity to shape and direct the prosecution of the RICO claim, it is important that he have notice at the earliest stage of the RICO litigation. Consequently, we find that the statute's requirement that notice be given by making service of the RICO pleading within thirty days of the filing thereof is a reasonable and workable supplement to court rules governing notice and service of process. *Seidel,* 142 Ariz. at 591, 691 P.2d at 682.

■ It is a different matter, however, with the statute's provision that compliance with its procedural directives is "jurisdictional." We read this provision as attempting to deprive the trial court of subject-matter jurisdiction over the RICO claim if the party asserting the claim fails to timely serve the Attorney General with the RICO pleading. In conditioning subject-matter jurisdiction on compliance with a procedural rule, the legislature has created a clear conflict with both the letter and the purpose of the Arizona Rules of Civil Procedure.

As a general rule, the subject-matter jurisdiction of a trial court is to be determined from sources other than procedural rules. *See* 12 Wright & Miller, *Federal Practice and Procedure,* § 3141 at 210–11 (1973). In Arizona, this principle is codified in Rule 82, Arizona Rules of Civil Procedure, thus:

> These Rules shall not be construed to extend or limit the jurisdiction of superior courts or venue of actions therein.

By intertwining subject-matter jurisdiction with a procedural directive, section 13–2314.04(H) violates this fundamental precept. In this statute, the legislature imposes a limitation on a trial court's jurisdiction, not by exercising its power to enact substantive law, which is permissible, but by engaging in rule making. Just as an Arizona court cannot extend or limit jurisdiction in enacting procedural rules, so is the legislature likewise circumscribed when it enters this field.

The jurisdictional component of section 13–2314.04(H) also operates contrary to the notions of flexibility and discretion embodied in the Rules of Civil Procedure. The primary purpose of our procedural rules is to "secure the just, speedy, and inexpensive determination of every action," preferably on its merits. Rule 1, Ariz. R. Civ. P. *See Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962) (it is contrary to the spirit of the rules of procedure for decisions on the merits to be avoided on the basis of technicalities). To this end, the rules as a whole place considerable discretion in the trial judge to construe the rules in a manner that will secure their objectives. In commenting on the Federal Rules of Civil Procedure, after which our procedural rules are patterned, Professors Wright and Miller make the following observation:

> It is not an exaggeration to say that the keystone to the effective functioning of the federal rules is the discretion of the trial court. The rules grant considerable power to the judge and only provide general guidelines as to the manner in which it should be exercised.

> . . . .

> [The court's] discretion often must be used to relieve counsel or parties from the consequences of excusable error or neglect. The rules will remain a workable system only as long as trial court judges exercise their discretion intelligently on a case by case basis; application of arbitrary rules of law to particular situations only will have a debilitating effect on the overall system.

4 Wright & Miller, *Federal Practice and Procedure,* § 1029 at 120 (2d ed. 1987).

It is clear that section 13–2314.04(H) fails the test required of a procedural rule, namely that it avoid the imposition of an arbitrary rule to a particular situation. For example, the statute would deprive the trial court of the power to relieve a party of his failure to serve the Attorney General within the time prescribed, even though service might be made on the thirty-first day, or even though the failure to timely serve is due to excusable neglect. The statute would also require permanent dismissal of a claim, even though the claim may be well-founded in fact and deserving of reparation.

By contrast, existing court rules would permit the trial court, on an appropriate showing, to excuse the failure to timely serve. Rule 6(b), Ariz. R. Civ. P. Moreover, the trial court would not be required to permanently dismiss the claim with prejudice if the Attorney General were not timely served, Rule 4(i), Ariz. R. Civ. P. Even if the Attorney General were deemed a necessary party, the trial court could permit the action to proceed in his absence if required by "equity and good conscience." Rule 19(b), Ariz. R. Civ. P.

In stripping the trial court of subject-matter jurisdiction for a violation of its procedural directives, section 13–2314.04(H) imposes an arbitrary, one-shoe-fits-all, enforcement mechanism which is clearly antithetical to the purpose of procedural rules. Moreover, it impermissibly impacts superior court jurisdiction by limiting such jurisdiction under the guise of a procedural rule, a direct conflict with Rule 82, Ariz. R. Civ. P. For these reasons, we find the jurisdictional component of section 13–2314.04(H) void. *Pompa*, 187 Ariz. at 535, 931 P.2d at 435; *State v. Fowler*, 156 Ariz. 408, 412–13, 752 P.2d 497, 501–02 (App.1987).

## CONCLUSION

We affirm the trial court's conclusion that it had jurisdiction to entertain Encinas' RICO claim. Given our disposition of the remaining issues in our memorandum decision issued this date, we deny both parties' requests for attorneys' fees under section 13–2314.04(A).

FIDEL, P.J., and PATTERSON, J., concur.