34 P.3d 979

Sheila E. McEVOY, a single person, Plaintiff–Appellee,

v.

AEROTEK, INC., a foreign corporation licensed to do business in Arizona; Shawn R. Dale and Jane Doe Dale, husband and wife, Defendants–Appellants.

No. 1 CA–CV 00–0521.

Court of Appeals of Arizona, Division 1, Department A.

Nov. 20, 2001.

Sanders & Parks, P.C., by Mark Worischeck, Michele L. Forney, Phoenix, Attorneys for Appellee.

Jardine, Baker, Hickman & Houston, by Gerald T. Hickman, Phoenix, Attorneys for Appellants.

## OPINION

PATTERSON, Presiding Judge.

¶ 1 Sheila E. McEvoy received a pretrial settlement of $100,000 from one of two defendants and a jury's award of $75,000 damages was less than the settlement amount. The trial court determined that McEvoy was the successful party for purposes of an award of her costs. The court also denied appellants' request for sanctions against McEvoy due to her non-acceptance of an offer of judgment for the reason that McEvoy never received the offer of judgment. For the reasons discussed below, we affirm the trial court judgment.

## I. BACKGROUND

¶ 2 McEvoy injured her knee when the car she was driving collided with a vehicle driven by Shawn Dale. Dale was employed by Aerotek, Inc. (collectively "appellants") and was acting in the course and scope of his employment at the time of the accident.

¶ 3 McEvoy sued Dale and Aerotek. As part of a settlement agreement with Dale, she entered into a covenant not to execute against the personal assets of Dale; in exchange for the covenant, Dale's personal vehicle insurance carrier paid $100,000 to McEvoy. It is not discernible from the record that Aerotek participated in settlement discussions. Believing her damages were more than $100,000, McEvoy proceeded to trial. The jury returned a verdict in favor of McEvoy and found her full damages to be $75,000.

¶ 4 After the trial, appellants moved for entry of judgment in their favor and for an award of double taxable costs and reasonable expert witness fees. They argued that they were entitled to judgment in their favor because, after crediting the $100,000 already paid, McEvoy's award was reduced to zero. They also asserted that because McEvoy had failed to accept their offer of judgment of $100,001, they were entitled to double costs and reasonable expert fees pursuant to Rule 68(d), Arizona Rules of Civil Procedure.

¶ 5 McEvoy opposed the appellants' motions, arguing that she was the prevailing party because the jury verdict was in her favor. She also asserted that she never received an offer of judgment from appellants.

¶ 6 The trial court ruled that McEvoy was the prevailing party because the jury verdict was in her favor. It also found the fact that McEvoy did not accept or reject the offer of judgment was consistent with her position that the offer was never communicated to her or her attorneys. Therefore, it denied the appellants' request for Rule 68(d) sanctions. The court awarded McEvoy her costs

in the amount of $2,458.00 and ordered the appellants to pay the jury fees of $744.48.

¶ 7 Appellants appealed from the finding that McEvoy was the prevailing party, from the award of costs in her favor, from the order that they pay the jury fees, and from the denial of their request for Rule ·68(d) sanctions. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12–2101(B) (1994).

## II. ANALYSIS

### A. Prevailing Party and Award of Costs

■ ¶ 8 Appellants argue that McEvoy was not the prevailing party because the jury verdict did not exceed the amount of the credit for the settlement. They maintain that for McEvoy to be the prevailing party, she had to prove that her compensatory damages exceeded the prior settlement with Dale.

■ ¶ 9 According to A.R.S. § 12–341 (1992), "[t]he successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law." The trial court has the discretion to determine the successful or prevailing party for purposes of awarding costs under section 12–341. *Bishop v. Pecanic,* 193 Ariz. 524, 530, ¶ 26, 975 P.2d 114, 120 (App.1998); *Hooper v. Truly Nolen of America, Inc.,* 171 Ariz. 692, 695, 832 P.2d 709, 712 (App.1992). Further, in reviewing a trial court's exercise of discretion, our supreme court has stated:

> [T]he question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason. We cannot substitute our discretion for that of the trial judge.

*Sanborn v. Brooker & Wake Prop. Mgmt., Inc.,* 178 Ariz. 425, 430, 874 P.2d 982, 987 (App.1994) (quoting *Associated Indemnity Corp. v. Warner,* 143 Ariz. 567, 571, 694 P.2d 1181, 1185 (1985) (citations ommitted)). Once the successful party is determined, the award of costs to that party is mandatory. *Roddy v. County of Maricopa,* 184 Ariz. 625, 627, 911 P.2d 631, 633 (App.1996).

¶ 10 Arizona case law does not yet answer the question of whether a plaintiff is the prevailing party when the jury's award of damages to the plaintiff is less than a previous settlement amount in the case. However, our case law does provide guidance in determining which party has prevailed at trial. As explained by the court in *Drozda v. McComas,* 181 Ariz. 82, 85, 887 P.2d 612, 615 (App.1994), the "successful party" is the party who wins the lawsuit. As further explanation, the *Drozda* court quoted from *Mountain States Broadcasting Co. v. Neale,* 783 P.2d 551, 555 (Utah App.1989):

> Typically, determining the "prevailing party" for purposes of awarding fees and costs is quite simple. Plaintiff sues defendant for money damages; if plaintiff is awarded a judgment, plaintiff has prevailed, and if defendant successfully defends and avoids an adverse judgment, defendant has prevailed.

181 Ariz. at 85, 887 P.2d at 615. The *Drozda* court also noted that, if no statute or rule providing for apportionment applies, even a party "who obtains judgment for only a part of a demand or claim is entitled to all taxable costs." *Id.; see also Ocean W. Contractors, Inc. v. Halec Constr. Co., Inc.,* 123 Ariz. 470, 473, 600 P.2d 1102, 1105 (1979) (fact that party did not recover full measure of relief requested does not mean he is not the successful party).

¶ 11 Courts in other states have used this test for determining the successful litigant when holding that a plaintiff who receives a judgment in his favor is entitled to an award of costs even when the damage award was reduced to zero after deductions ·for the plaintiff's pretrial settlements. In *Syverson v. Heitmann,* 171 Cal.App.3d 106, 214 Cal. Rptr. 581 (1985), the plaintiff received $100,000 in a pretrial settlement agreement with co-tortfeasors, and the jury subsequently found in his favor on liability and awarded him $100,000. Despite the complete offset of the verdict award, the *Syverson* court held that the plaintiff was the prevailing party for purposes of a costs award because he had received "a judgment in his favor." *Id.* at 114, 214 Cal.Rptr. at 586. The court explained:

> Defendant reasons he is the prevailing party because the zero net judgment demon-

strates plaintiff did not have a cause of action for negligence at the time trial commenced as actual damages are an essential element of a cause of action for negligence. This faulty reasoning omits a critical factor. At time of trial, damages had yet to be assessed. The complete offset of an award by the amount of a settlement cannot be used to bootstrap a claim that plaintiff had no legitimate cause of action at the beginning. Plaintiff had a legitimate cause of action and he prevailed on it. The jury found defendant liable for plaintiff's injuries. The fact that plaintiff is not entitled to recover damages from defendant is due not to a failure to "make out his case," but solely to the fortuitous fact that the damages assessed by the jury equalled the sums previously received in settlement. *Id.* at 113, 214 Cal.Rptr. at 586. Similarly, at the time McEvoy pursued her suit, damages had not been assessed, and the record does not reflect that Aerotek had accepted responsibility for its part in McEvoy's injury. McEvoy had a valid legal claim against appellants, and she won a judgment on this claim. She received an award in the amount of $75,000. McEvoy's pretrial settlement is not a setoff, and therefore does not affect the net judgment analysis.

¶ 12 Likewise, in *Lemer v. Campbell,* 602 N.W.2d 686 (N.D.1999), the plaintiff received $25,000 from her no-fault insurer, which was credited against the $3,000 the jury awarded her when it found the defendant liable for her injuries. The *Lemer* court concluded that the plaintiff was the successful party because she had prevailed on the issues of negligence and proximate cause, and thus she was entitled to an award of her costs. *Id.* at 690. Even more importantly, the court noted that a plaintiff who successfully prosecutes an action, gaining a decision or verdict in her favor, is the prevailing party and may recover costs even if "the ultimate judgment is zero after deductions for settlements." *Id.* at 688 (quoting 20 Am.Jur.2d *Costs* § 12 (1995)). This supports the well-established policy that "[t]he determination of who is the prevailing or successful party is based upon success upon the merits, not upon damages, and a party may be the prevailing party although he recovers no award of damages." 20 C.J.S. *Costs* § 11 (1990).

¶ 13 Other courts have also reached this conclusion. *See Weeks v. City of Colorado Springs,* 928 P.2d 1346 (Colo.App.1996) (holding that plaintiffs who settled with co-defendant for $650,000 before trial and were awarded $227,420 by jury were prevailing parties for award of costs); *Wade v. Mahler,* 167 Or.App. 350, 1 P.3d 485 (2000) (holding that plaintiff was the prevailing party and entitled to costs award even though the jury's award was satisfied by prior payment of a personal injury protection reimbursement); *Perez v. Baker Packers,* 694 S.W.2d 138 (Tex.App.1985) (holding that plaintiff succeeded on the merits and was entitled to costs even though he did not recover damages from defendant after application of settlement offset). *But see Schneider v. DiPaola,* 715 So.2d 284 (Fla.App.1998) (holding that plaintiff not entitled to costs award where jury award in his favor was less than a stipulated set-off). We agree with the reasoning of the courts that have held that a plaintiff is the prevailing party when a jury reaches a verdict in favor of the plaintiff and awards damages, even if the entire amount of damages awarded is offset by a prior settlement.

¶ 14 Appellants argue that this rule does not apply here because they had admitted liability and proximate cause and thus McEvoy did not prevail on the central issues at trial, which concerned the nature, cause, and extent of damages. We note, however, that the record does not support this argument. Nothing in the record provided to us indicates that appellants admitted liability at trial. The record reveals that the only issue resolved by the trial court prior to trial was to exclude evidence of an alleged third party tortfeasor, not the extent or existence of appellants' liability. Further, the court instructed the jury that McEvoy had to prove the appellants were at fault, she was injured, and the amount of her damages. In an instruction entitled "Statement of Liability Issues," the court instructed that "[i]f you find that [appellants] were not at fault, then your verdict must be for [appellants]. If you find that [appellants] were at fault, then [appellants] are liable to [McEvoy] and your verdict must be for [McEvoy]." Therefore, it is clear that the liability of appellants was a

significant issue in the trial, and McEvoy prevailed on that issue and was awarded damages, thus making her the successful party. Crediting pretrial settlements against the awarded damages does not change this outcome.

¶ 15 Appellants also attempt to distinguish *Syverson* and *Lerner* by arguing that the courts in those cases did not apply the "totality of circumstances" test that has been used in Arizona case law for determining the prevailing party. It is true that in some cases, "[w]hen determining the successful party for the purposes of awarding costs, we view the totality of circumstances and the relative success of the litigants." *McAlister v. Citibank (Arizona)*, 171 Ariz. 207, 216, 829 P.2d 1253, 1262 (App.1992); *see also Nataros v. Fine Arts Gallery of Scottsdale, Inc.*, 126 Ariz. 44, 49, 612 P.2d 500, 505 (App.1980) (holding that, based on totality of litigation, trial court did not abuse its discretion in determining that defendants were the successful party). However, in *Ayala v. Olaiz*, 161 Ariz. 129, 132, 776 P.2d 807, 810 (App.1989), the court noted that the cases in which courts followed the "totality of circumstances" test and considered factors other than the winning of a money judgment to determine the prevailing party were generally multi-party, multi-claim actions, usually involving counterclaims, rather than single-issue lawsuits in which only monetary relief was requested. That is not the case here, where we are presented with a typical one plaintiff negligence case in which only monetary relief is requested.

¶ 16 Although there are two appellants, they are each only potentially liable on the same cause of action-negligence. McEvoy is the prevailing party, because she won on the merits and was awarded damages as the successful party. The trial court correctly awarded costs to her. Additionally, there was no error in assessing fees against appellants because the unsuccessful party must bear the financial responsibility for jury fees.

**B. Rule 68(d) Sanctions**

¶ 17 Appellants argue that they are entitled to sanctions under Rule 68(d) because their offer of judgment was served on McEvoy's attorney by placing it in the mail, the offer was not accepted, the offer was not withdrawn, and the ultimate result following trial was more favorable to appellants than was the offer. They assert that actual receipt was not necessary for the offer to be effective under Rule 5(c), Arizona Rules of Civil Procedure. These arguments require interpretation of the rules, and interpretation of rules poses questions of law. *Wersch v. Radnor/Landgrant–A Phoenix P'ship*, 192 Ariz. 99, 100, 961 P.2d 1047, 1048 (App.1997).

¶ 18 Rule 5(c) pertains to service of pleadings and other papers upon a party who has appeared in the action. Because Rule 68 requires service of an offer of judgment and establishes no special, superseding means of service, it contemplates service in accordance with the omnibus service provisions of Rule 5(c).

¶ 19 Rule 5(c) permits service by mail and provides in pertinent part, "Service by mail is complete upon mailing." It is well established in the case law that, pursuant to this rule, service is "not dependent upon the receipt of same by opposing counsel." *See Phoenix Metals Corp. v. Roth*, 79 Ariz. 106, 108–09, 284 P.2d 645 (1955) (interpreting predecessor Rule 5(b)); *Columbia Group, Inc. v. Jackson*, 151 Ariz. 86, 89, 725 P.2d 1120, 1123 (App.1985).

¶ 20 That service is not dependent upon receipt, however, does not end our inquiry. The question remains whether a trial court has discretion to entertain evidence of nonreceipt and to relieve a party of the consequences of its failure to respond to a document that the party *proves* it did not receive.

¶ 21 We find in Wright and Miller's, *Federal Practice and Procedure*, the following language that suggests that judicial discretion is one of the bedrocks of judicial decision making:

> It is not an exaggeration to say that the keystone to effective functioning of the federal rules is the discretion of the trial court. The rules grant considerable power to the judge and only provide general guidelines as to the manner in which it should be exercised. In using this discretion, judges must view the rules with a friendly and sympathetic understanding and, in many situations, must exercise a wise and sound discretion to effectuate the

objectives of the simplified procedure. This discretion often must be used to relieve counsel or parties from the consequences of excusable error or neglect. The rules will remain a workable system only as long as trial court judges exercise their discretion intelligently on a case by case basis; application of arbitrary rules of law to particular situations will only have a debilitating effect on the overall system.

4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1029 (1987).

¶ 22 Arizona's courts have consistently endorsed the need to respect the trial court's discretion. Court rules, like statutes, must be construed in light of the purpose for which they were adopted. *State v. Coey,* 82 Ariz. 133, 309 P.2d 260 (1957); *Collins v. Superior Court,* 48 Ariz. 381, 62 P.2d 131 (1936). We conclude that the court has such discretion. We draw this conclusion for the following reasons.

¶ 23 First, the counterpart and source of Arizona's Rule 5(c) is Rule 5(b) of the Federal Rules of Civil Procedure. It provides, as our rule does, that "[s]ervice by mail is complete upon mailing." Fed.R.Civ.P. 5(b). Likewise, federal cases provide, as our authorities provide, that nonreceipt "has no effect on the validity of service." *See, e.g.,* Robert M. Bloom, Daniel R. Coquillette, and Mary P. Squiers, *1 Moore's Federal Practice* § 5.04, at 5–29. Yet the *Moore's* treatise also indicates, *"If nonreceipt can be proved, however, it is within the court's discretion to extend any applicable response period pertaining to the served paper." Id.* (emphasis added) (citing Fed.R.Civ.P. 6(b)).

¶ 24 We find additional support for our ruling in the language of Rule 5(c) itself. Immediately before the passage stating that service by mail is complete upon mailing, Rule 5(c) provides that if the date and manner of service are not appropriately noted on a filing or in an accompanying certificate, "it will be conclusively presumed that the filing was served by mail." The significance of this provision for present purposes is by comparison. Although Rule 5(c) couches the provision we describe in language of "conclusive presumption," it does not couch the provision that service by mail is complete upon mailing as a comparable "conclusive presumption." This provides further support, in our judgment, for the conclusion that a trial court may entertain rebutting evidence that a document, though mailed, was not received.

¶ 25 Finally, we note that procedural rules "as a whole place considerable discretion in the trial judge to construe the rules in a manner that will secure their objectives." *Encinas v. Pompa,* 189 Ariz. 157, 160, 939 P.2d 435, 438 (App.1997); *see also* Ariz. R. Civ. P. 1 ("These rules ... shall be construed to secure the just, speedy, and inexpensive determination of every action."). The objective of Rule 68 is to encourage settlement and avoid protracted litigation. *Wersch,* 192 Ariz. at 102, 961 P.2d at 1050. An offer of judgment that is not received by the offeree cannot be accepted and thus cannot lead to settlement and avoidance of further litigation.[1] Therefore, lack of actual receipt of the offer thwarts the purpose of Rule 68. Imposing a penalty on a party who did not know about such an offer and as a consequence did not have the opportunity to consider and accept the offer would neither promote the goal of encouraging settlement nor promote the just determination of the action. No purpose of Rule 68 would be served by sanctioning a party that did not receive or have knowledge of an offer of judgment.

¶ 26 Applying these principles to Rule 68, we conclude that the trial court had discretion to entertain evidence that McEvoy and her attorney had not received the offer of judgment and to relieve McEvoy of her failure to respond to an offer that she and her attorney had not received. Rule 68 requires the court to impose a sanction against a party who does not accept an offer of judgment and then obtains a less favorable judgment. A sanction is a "[p]enalty or other

---

1. "Under general contract principles, to make an offer is simply '[t]o bring to or before; to present for acceptance or rejection; to hold out or proffer; to make a proposal to; to exhibit something that may be taken or received or not.'" *Tallent v. Nat'l Gen. Ins. Co.,* 185 Ariz. 266, 267–68, 915 P.2d 665, 666–67 (1996) (quoting Black's Law Dictionary 1081 (6th ed.1990)). To constitute an offer, a proposal must be communicated to and received by the offeree so that it can be accepted or rejected.

mechanism of enforcement used to provide incentives for obedience with the law or with rules and regulations." Black's Law Dictionary 1341 (6th ed.1990). The imposition of a sanction is unwarranted and unfair if a party has not engaged in any conduct for which a penalty is justified. Because McEvoy did not know about the offer of judgment, she could not have acted in a manner in regard to the offer that would have subjected her to sanctions. For these reasons, we affirm the trial court's denial of appellants' request for the imposition of Rule 68 sanctions.

### III. CONCLUSION

¶ 27 In summary, we conclude that the trial court correctly determined that McEvoy was the prevailing party and was entitled to an award of her costs and that jury fees must be assessed against Dale and Aerotek. We further hold that the trial court properly denied appellants' request for Rule 68(d) sanctions because McEvoy did not receive appellants' offer of judgment. Accordingly, we affirm the trial court judgment.

CONCURRING: NOEL FIDEL, Judge.

BERCH, Judge, concurring.

¶ 28 The bright-line test that we apply today has the virtue of ease of application. I think, though, that in an appropriate case— one in which a defendant clearly concedes liability and participates in settlement—the application of Arizona's net benefit or totality of the circumstances tests might compel a different result when a plaintiff receives less following trial than she has already received through settlement. *See Ayala v. Olaiz*, 161 Ariz. 129, 132, 776 P.2d 807, 810 (App.1989) (net judgment rule); *Nataros v. Fine Arts Gallery of Scottsdale*, 126 Ariz. 44, 49, 612 P.2d 500, 505 (App.1980) (totality of circumstances test). But the record in this case and the obligation to defer to the trial judge, *see Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 178 Ariz. 425, 430, 874 P.2d 982, 987 (App.1994), require the result we reach here today.