NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BANK OF AMERICA NA, *Plaintiff/Appellee,*

*v.*

ASPEN VALLEY WOMEN'S GOLF ASSOCIATION, an unincorporated

Association; PAM CAHAL, an individual, *Defendants/Appellants.*

CAROLE SWARTZ, *Defendant/Appellee.*

No. 1 CA-CV 18-0771
FILED 12-24-2019

Appeal from the Superior Court in Coconino County
No.  S0300CV201700588
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

John Trebon PC, Flagstaff
By John J. Trebon
*Counsel for Defendants/Appellants*

Collins & Collins LLP, Phoenix
By C. Robert Collins
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

---

**B R O W N**, Judge:

¶1 Aspen Valley Women's Golf Association ("the Association") challenges the superior court's decision not to award punitive damages, attorneys' fees, or taxable costs as part of a default judgment against Appellee Carole Swartz. We affirm the court's ruling relating to punitive damages and attorneys' fees, but we vacate and remand as to costs.

## BACKGROUND

¶2 Bank of America (the "Bank") filed an interpleader complaint in December 2017 alleging the Association, its former president, Swartz, and its current president, Pam Cahal, disputed ownership of $6,341.33 in account funds. The Association and Cahal answered the complaint, and the Association asserted a cross-claim against Swartz, alleging Swartz "willfully, purposefully and maliciously" interfered with its business relationships with its members and its "banking contract" with the Bank by "inducing [the] Bank . . . not to perform . . . by 'freezing' the account." The Association sought to recover general and punitive damages.

¶3 Swartz answered the Bank's complaint. The Association moved for the entry of default, contending Swartz's answer did not address the cross-claim. Swartz took no action to prevent default from becoming effective but later moved to set it aside. The Association moved for default judgment against Swartz and filed an application for attorneys' fees and a statement of costs.

¶4 Following an evidentiary hearing, the court entered default judgment on the Association's cross-claim and awarded it the account funds. The court declined to award punitive damages, attorneys' fees, or costs, and the Association filed a timely notice of appeal.

## DISCUSSION

### A.    Punitive Damages

¶5        The Association contends the superior court erred in declining to award punitive damages as part of the default judgment. Generally, courts should award punitive damages only in "the most egregious of cases, where there is reprehensible conduct combined with an evil mind over and above that required for commission of a tort." *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 332 (1986).  A plaintiff establishes an "evil mind" by showing the defendant acted with the intent to injure, was motivated by spite or ill will, or acted to serve his own interests, consciously disregarding a substantial risk of significant harm to others. *Ranburger v. S. Pac. Transp. Co.*, 157 Ariz. 551, 553 (1988); *see also Medasys Acquisition Corp. v. SDMS, P.C.*, 203 Ariz. 420, 424, ¶ 15 (2002) (noting that punitive damages are generally available where the defendant "'pursued a course of conduct knowing that it created a substantial risk of significant harm to others' and its conduct was guided by evil motives.") (citation omitted).  An award of punitive damages must be established through clear and convincing evidence.  *Mendoza v. McDonald's Corp.*, 222 Ariz. 139, 158, ¶ 63 (App. 2009).

¶6        The Association contends the cross-claim and Cahal's testimony "at the default hearing established a solid basis for awarding punitive damages."  While the entry of default constitutes a judicial admission of liability, it is not an admission of the amount of recovery on an unliquidated claim.  *Dungan v. Superior Court*, 20 Ariz. App. 289, 290 (1973).  In such cases, the superior court must hold a damages hearing, after which it has discretion to determine the appropriate amount of damages to award.  *Daou v. Harris*, 139 Ariz. 353, 361 (1984); *Tarnoff v. Jones*, 17 Ariz. App. 240, 245 (1972).

¶7        The cross-claim alleged in conclusory fashion that Swartz "willfully, purposefully, and maliciously interfered with the Bank of America account with an evil mind in a vindictive manner to harm [the Association]."  That allegation alone does not entitle the Association to punitive damages.  *Shepherd v. Costco Wholesale Corp.*, 246 Ariz. 470, 479, ¶ 37 (App. 2019); *see also Smith & Wesson Corp. v. Wuster,* 243 Ariz. 355, 358, ¶ 14 (App. 2017) ("If a complaint does not include well-pleaded facts for a required showing, entry of default does not mean that required showing has been made.").  And Cahal's testimony was conclusory and vague:

Q. . . . In our Complaint, we asked -- we alleged that what [Swartz] had done was malicious and vindictive, correct?

A. Yes, it was.

Q. All right. And you believe it was?

A. Absolutely.

Cahal admitted she did not see Swartz do anything vindictive, other than these proceedings, and could not identify any specific malicious or vindictive acts Swartz undertook after resigning as president. Given this threadbare record, the superior court did not abuse its discretion in declining to award punitive damages. *See Kline v. Kline*, 221 Ariz. 564, 572, ¶ 29 (App. 2009) ("[T]he amount of punitive damages awarded must find some reasonable support in the record even when judgment is entered by default.") (citation omitted); *S. Ariz. Sch. for Boys, Inc. v. Chery*, 119 Ariz. 277, 282 (App. 1978) ("It is proper for [defaulted defendants] to dispute the amount of damages even to the point of showing their nonexistence").

### B. Attorneys' Fees in Superior Court

¶8 The Association also contends the court erred in declining to award attorneys' fees under A.R.S. § 12-341.01(A), which authorizes an award to the successful party "[i]n any contested action arising out of a contract." *US Bank, N.A. v. JPMorgan Chase Bank, N.A.*, 242 Ariz. 502, 507, ¶ 22 (App. 2017). Whether the statute applies is a question of law we review de novo. *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 220, ¶ 10 (App. 2012).

¶9 The Association relies on its conclusory allegation in the cross-claim that "[t]his matter arises from a contract." But "[t]he duty not to interfere with the contract of another arises out of law, not contract. In fact, the tort may be committed even where the plaintiff has no contractual rights but simply the prospect of a contractual relationship." *Bar J Bar Cattle Co. v. Pace*, 158 Ariz. 481, 486 (App. 1988). Because § 12-341.01(A) does not authorize fees in this case, the superior court did not err in declining the Association's request.

### C. Costs in Superior Court

¶10 The Association also contends the court erred in declining to award taxable costs. The court has discretion to determine who is the successful or prevailing party for purposes of awarding costs under

§ 12-341. *McEvoy v. Aerotek, Inc.*, 201 Ariz. 300, 302, ¶ 9 (App. 2001). But once the court has determined a successful party, a cost award is mandatory. *Id.* The Association was successful on its cross-claim; it therefore was entitled to recover taxable costs.

### D. Attorneys' Fees on Appeal

**¶11** The Association requests its attorneys' fees under § 12-341.01(A). For the reasons stated above, *supra* ¶¶ 8–9, we deny its request.

**¶12** Swartz requests her attorneys' fees incurred in this appeal pursuant to Arizona Rule of Civil Procedure ("Rule") 11, Arizona Rule of Civil Appellate Procedure ("ARCAP") 25, and A.R.S. § 12-349(A)(1). We decline to award fees under Rule 11 because it is not a proper basis for a fee award on appeal. *Villa de Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, 99, ¶ 26 n.10 (App. 2011).

**¶13** ARCAP 25 authorizes us to sanction an appellant who brings a frivolous appeal "to discourage similar conduct in the future." ARCAP 25; *Johnson v. Brimlow*, 164 Ariz. 218, 221–22 (App. 1990). An appeal is not frivolous if it raises issues supportable by any reasonable legal theory or a colorable legal argument on which reasonable attorneys could differ. *In re Levine*, 174 Ariz. 146, 153 (1993). We consider ARCAP 25 sanctions with great caution. *Price v. Price*, 134 Ariz. 112, 114 (App. 1982). In our discretion, we decline to award ARCAP 25 fees.

**¶14** Swartz also contends the Association brought this appeal without substantial justification. *See* A.R.S. § 12-349(A)(1). An appeal lacks substantial justification if it "is groundless and is not made in good faith." A.R.S. § 12–349(F). Swartz does not show that either element is met; she simply contends the Association based its appeal on "allegations." We decline to award fees under § 12-349(A)(1).

## CONCLUSION

**¶15**     We affirm the court's entry of default judgment but remand for entry of a modified judgment awarding the Association its taxable costs incurred in superior court in pursuing the cross-claim. Because we remand for entry of judgment in a greater amount, the Association also may recover its taxable costs incurred on appeal upon compliance with ARCAP 21. *See* A.R.S. § 12-342(B).



AMY M. WOOD • Clerk of the Court
FILED:   AA